■ STEVEN MCGLYNN, as Administrator of the Estate of SHIRLEY L. MCGLYNN, Deceased, Appellant, v RAUL GRINBERG, Respondent, et al., Defendant.—Levine, J. Appeal from an order of the Supreme Court (Fischer, J.), entered July 5, 1990 in Broome County, which denied plaintiff's motion to compel defendant Raul Grinberg to comply with discovery demands.

In this action plaintiff sues defendants, Raul Grinberg (hereinafter defendant) and Jerome C. Cohen, both physicians, for medical malpractice arising out of the care and treatment given to plaintiff's decedent during September and October 1987. The complaint alleges, *inter alia,* that the failure of defendant and Cohen to timely and properly examine, diagnose and treat decedent resulted in her death on October 29, 1987 from complications caused by a perforated colon.

During the course of defendant's examination before trial (hereinafter EBT), plaintiff's counsel began to review the contents of defendant's office file on decedent, which had been marked for purposes of the EBT as exhibit A. At that time, he discovered an interoffice memorandum dated October 12, 1988 to defendant from Marcelo Barreiro, Chairman of the Department of Medicine Quality Assurance Committee for the hospital at which decedent was treated. When plaintiff's counsel questioned defendant's counsel regarding the memorandum, defense counsel took the document, asserted that it was privileged as a quality assurance review report *(see,* Education Law § 6527 [3]) and instructed defendant to answer no questions with respect thereto. Subsequently, plaintiff's counsel apparently questioned defendant about the suspension of both his privileges at certain area hospitals and his medical license. Defense counsel directed defendant not to provide any details regarding the suspensions, stating that they were unrelated to the present action. Plaintiff then made a motion to compel disclosure of the circumstances surrounding the quality review memorandum and the suspension of defendant's hospital

privileges and license, and to produce the memorandum and other related documents. Supreme Court denied the motion and this appeal followed.

There should be an affirmance. Education Law § 6527 (3) provides that "the records relating to performance of a medical or a quality assurance review function" shall not be subject to disclosure under CPLR article 31. A review of the memorandum at issue here reveals that it was prepared following a September 1988 meeting of the hospital's Quality Assurance Committee (hereinafter the Committee) at which time the medical care administered to decedent during September 1987 was evaluated. The findings and conclusions of the Committee were documented in the memorandum and a response from defendant was requested within 30 days. The purpose of the Committee, as described in defendant's opposing affidavit, is to "evaluat[e] and improv[e] the quality of care" provided at the hospital at which decedent was treated. Thus, it is our view that the memorandum is clearly a record pertaining to a quality assurance review function which falls under the statutory prohibition against disclosure (see, Parker v St. Clare's Hosp., 159 AD2d 919, 920). To hold otherwise would defeat the statute's purpose of encouraging peer review of physicians in order to improve the quality of medical care (see, Lilly v Turecki, 112 AD2d 788; see also, Bush v Dolan, 149 AD2d 799, 799-800).

We find unavailing plaintiff's contention that, because the memorandum was included within the file produced at the EBT, defendant effectively waived the privilege against disclosure. The affidavits submitted by defendant and his counsel state that the memorandum was inadvertently and unintentionally included with the other documents in the file. Defense counsel avers that, at the time of the EBT, he was not aware of the existence of a memorandum, as it was not contained in the records originally provided to him by defendant or in the records released by him to plaintiff's counsel pursuant to an earlier request. Thus, defendant's counsel had no reason to believe that the memorandum was included in the file. Moreover, it is undisputed that defense counsel, upon realizing the error, promptly objected, recovered the memorandum from plaintiff's counsel and refused to allow defendant to give any testimony relative to the memorandum. Under these circumstances, we cannot conclude that defendant intended to disclose the memorandum or that reasonable precautions were not taken to prevent disclosure (see, Manufacturers & Traders

*Trust Co. v Servotronics, Inc.,* 132 AD2d 392, 398-400). Accordingly, plaintiff's claim of waiver must fail.

Finally, we reject plaintiff's contention that he is entitled to disclosure of any statements defendant may have made in the course of the quality assurance review procedure, the various hospital proceedings reviewing his privileges and the State disciplinary proceeding against him *(see,* Education Law § 6527 [3]; Public Health Law § 2805-m [2]; § 230 [9]). As defendant correctly points out, plaintiff did not specifically request disclosure of such statements before Supreme Court. Even if such a request had been made by plaintiff, we are unable to determine from the limited record before us whether defendant made any discoverable statements. Furthermore, while defendant testified that his hospital privileges and license had in fact been suspended, he states in his uncontradicted affidavit that both suspensions were based upon allegations of improper care to patients other than decedent. Thus, the statements sought with respect to either of the suspensions would not be subject to disclosure *(see, Parker v St. Clare's Hosp., supra,* at 921).

Order affirmed, with costs. Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur.