**MONSANTO COMPANY, et al., Appellants,**

v.

**Mike DAVIS, et al., Appellees.**

No. 10-02-208-CV.

Court of Appeals of Texas, Waco.

Sept. 11, 2002.

See also 25 S.W.3d 773.

Robert M. Corn, McFall, Sherwood & Breitbeil, P.C., Houston, W. Stephen

Rodgers, Rodgers, Miller & McLain, P.C., Bryan, for Appellants.

Joe Kenneth Longley, Philip K. Maxwell, Longley & Maxwell, Austin, Ron Butler, Marlin, Richard A. Shanks, Houston, for Appellees.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

### ORDER

PER CURIAM.

This is another in a series of interlocutory appellate proceedings arising from the underlying suit filed by a group of Texas cotton farmers against several manufacturers and distributors of high-tech cotton seed. *See Monsanto Co. v. Davis,* 25 S.W.3d 773 (Tex.App.-Waco 2000, pet. dism'd w.o.j.); *In re Monsanto Co.,* 998 S.W.2d 917 (Tex.App.-Waco 1999, orig. proceeding). In this appeal, Monsanto Company, Delta and Pine Land Company, and D & M Partnership ("Defendants") challenge the trial court's denial of their motion for protection and to seal a letter which they allege they inadvertently disclosed to counsel for Plaintiffs.

Plaintiffs included the document in question as an exhibit to their pleadings in a related mandamus proceeding which we docketed under our cause number 10–02–217–CV.[1] The document is also found in Plaintiffs' Exhibit 5 and Defendants' Exhibit 1 in the reporter's record filed in this appeal. Defendants request that we seal this document pending the resolution of this appeal. Plaintiffs do not oppose this request.

Our research has disclosed no rules directly providing for an appellate court to seal documents of this type. Rule of Appellate Procedure 29.3 authorizes an appellate court to "make any temporary orders necessary to preserve the parties' rights until disposition of the appeal." TEX. R.APP. P. 29.3; *see also* TEX. GOV.CODE. ANN. § 21.001(a) (Vernon Supp.2002) ("A court has all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue the writs and orders necessary or proper in aid of its jurisdiction."). Under this authority, we will grant Defendants' request.

Defendants note in their request that "the central issue in this [proceeding] is whether an inadvertently and unintentionally disclosed privileged communication should remain part of the trial court's file or whether it should be removed and returned to [Defendants] or, alternatively, sealed in the trial court's file." If Defendants prevail, the fact that the document in question has effectively remained open to public inspection during the pendency of this appeal would significantly undermine the effectiveness of any relief to which they may show themselves entitled. *See Lacefield v. Electronic Fin. Group, Inc.,* 21 S.W.3d 799, 800 (Tex.App.-Waco, order) (staying discovery during pendency of interlocutory appeal), *disp. on merits,* 35 S.W.3d 755 (Tex.App.-Waco 2000, no pet.); *Cobb v. Thurmond,* 899 S.W.2d 18, 19–20 (Tex.App.-San Antonio 1995, writ denied) (setting aside turnover order entered during pendency of appeal).

Accordingly, we ORDER the Clerk of this Court to seal the original and all cop-

---

1. In the mandamus proceeding, Defendants likewise challenged the trial court's denial of their motion for protection and to seal the document in question. We denied the mandamus petition on August 6, 2002. Plaintiffs tendered a copy of the document in question as Exhibit "A" to the Affidavit of Joe K. Longley in Opposition to Relator's Petition for Writ of Mandamus.

ies of Exhibit "A" to the Affidavit of Joe K. Longley in Opposition to Relator's Petition for Writ of Mandamus filed in this Court in cause number 10–02–217–CV and Plaintiffs' Exhibit 5 and Defendants' Exhibit 1 of the Reporter's Record on file in this cause (10–02–208–CV). These documents shall remain under seal pending resolution of this appeal or further order of this Court.

IT IS SO ORDERED.