**In re GMAC COMMERCIAL FINANCE, L.L.C.**

No. 10–05–00186–CV.

Court of Appeals of Texas, Waco.

July 27, 2005.

---

Robert Gilbreath, Jenkens & Gilchrist, Dallas, for appellant.

Clay Lewis Jenkins, Jenkins & Jenkins PC, Clay Hinds, Waxahachie, Paul Scott Summy, Baron & Budd PC, Dallas, Eugene J. Heady, Smith, Currie & Hancock LLP, Atlanta, GA, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ORDER

BILL VANCE, Justice.

In this original proceeding, we denied the petition for writ of mandamus of Relator GMAC Commercial Finance, L.L.C. in a Memorandum Opinion on April 27, 2005. Thereafter, on May 16, 2005, Humboldt Wedag, Inc. (HWI), a real-party-in-interest, filed a "Verified Motion to Expunge Record and for Return of Documents." In this motion, HWI requests us to expunge from our record in this proceeding a privileged document that it inadvertently included in its "Optional Appendix to Brief of Humboldt Wedag, Inc. in Opposition to Petition for Writ of Mandamus." It further requests us to order all parties in this proceeding to return all copies of this document to HWI. HWI unsuccessfully sought voluntary return of the document from the parties in this proceeding.

The fourteen-page document at issue is a November 10, 2003 letter from James K. Bidgood, Jr., HWI's attorney in Atlanta, Georgia, to Clay Lewis Jenkins, HWI's attorney in Waxahachie. In its verified motion, HWI explains how the letter was inadvertently included as Exhibit 3 in its Optional Appendix. On its face, the letter plainly contains core work product (as defined by Tex.R. Civ. P. 192.5(b)(1)) and further constitutes a communication protected by the lawyer-client privilege (Tex.R. Evid. 503(b)(1)(E)). The other parties to this proceeding—Relator GMAC and real-parties-in-interest Holcim (Texas) Limited Partnership and HC GP Inc.— filed responses opposing HWI's verified motion. We believe that HWI is entitled to relief.

We find no authority allowing us to expunge the letter from our record. But we do have authority to seal a privileged document inadvertently made a part of an appellate court record. *See Monsanto Co. v. Davis,* 110 S.W.3d 28, 29–30 (Tex. App.-Waco 2002, order). Accordingly, we order the Clerk of this Court to seal the original and all copies of the November 10, 2003 letter from James K. Bidgood, Jr. to Clay Lewis Jenkins, attached as Exhibit 3 in the Optional Appendix to Brief of Hum-

boldt Wedag, Inc. in Opposition to Petition for Writ of Mandamus, on file in this cause (10–05–00186–CV). These documents shall remain under permanent seal until the entire case file is destroyed pursuant to the Records Retention Schedule approved for this court (normally six years from the date of judgment), unless otherwise ordered by this court.

█ Rule 193.3(d) of the Texas Rules of Civil Procedure, while applicable to the inadvertent production of privileged material in discovery, provides guidance and authority on the return of the document from the parties to this proceeding and any persons who obtained or received a copy of the document from any party to this proceeding. Accordingly, we order all parties to this proceeding to return to Clay Lewis Jenkins, HWI's Waxahachie counsel, all copies and images of the November 10, 2003 letter from James K. Bidgood, Jr. to Clay Lewis Jenkins, attached as Exhibit 3 in Optional Appendix to Brief of Humboldt Wedag, Inc. in Opposition to Petition for Writ of Mandamus, including all copies and printed images of this letter that any party to this proceeding provided to any other person. All copies and printed images of this letter shall be returned to Mr. Jenkins by certified mail within ten days of the date of this order. All electronically stored images of the letter shall be permanently deleted or destroyed. All parties to this proceeding shall, within ten days of the date of this order, certify to this court by correspondence that they have complied with the orders in this paragraph.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

This is a classic situation in which an appellate court is not equipped to decide the issue presented. In this post-decision motion, we are asked to determine whether a document, alleged at one time to have been protected by a privilege, has lost that privilege. The parties have engaged in no discovery about the circumstances under which the document was attached to a brief/appendix filed in this Court.

If we have jurisdiction to decide this motion, the Court should abate this matter to the trial court for the development of a record upon which the issue could be properly decided. It is not that I disagree with the Court's conclusion, I simply do not have the information available to me which is necessary to decide the issue.

There is a substantial question of whether the inclusion of the document in the appendix constitutes a waiver of the privilege. Because this document was not produced in discovery, the discovery rules regarding inadvertent production are not applicable. Prior to the adoption of the discovery rules related to inadvertent production, a fair amount of case law had developed on what must be shown to support a retrieval of a document the parties did not intend to disclose to opposing counsel.[1]

---

1. "Inadvertent production is distinguishable from involuntary production. A party who permits access to unscreened documents may, due to inattention, unwittingly—but nonetheless voluntarily—disclose a privileged document. Disclosure is involuntary only if efforts reasonably calculated to prevent the disclosure were unavailing. Thus, although disclosure does not necessarily waive privileges, a party claiming involuntary disclosure has the burden of showing, with specificity, that the circumstances confirm the involuntariness of the disclosure. In addition to precautionary measures, other factors to be examined in determining involuntariness include the delay in rectifying the error, the extent of any inadvertent disclosure, and the scope of discovery. This standard is consistent with the approach adopted by numerous federal courts which now determine waiver by evaluating the circumstances of the disclosure. *See Niagara Mohawk Power Corp. v. Stone & Webster Engineering Corp.,* 125 F.R.D. 578, 587–88 (N.D.N.Y.1989); *Hartford Fire Ins. Co. v. Garvey,* 109 F.R.D. 323, 329 (N.D.Cal.1985); *see*

It is that body of case law against which we should review these facts to determine if the privilege genie can be reinserted in the magic lamp. It appears it can be, but I just do not have the information, facts, and briefing necessary to make that determination.

The only case cited by the majority relies upon our authority to enter temporary orders. *See Monsanto v. Davis*, 110 S.W.3d 28, 29 (Tex.App.-Waco 2002, order). This authority does not support our sealing of the document and for it to remain sealed until it is destroyed. Nor do

we, on the record before us, have any authority to order the return or destruction of copies provided to opposing counsel.

In conclusion, the trial court should develop the factual record and make the initial determination regarding whether the privilege once held, if any, has been lost. I do not join this order. I cannot concur in what the Court has done, so I have no alternative but to dissent.

*also KL Group v. Case, Kay & Lynch*, 829 F.2d 909, 919 (9th Cir.1987); *Clady v. County of Los Angeles*, 770 F.2d 1421, 1433 (9th Cir. 1985), cert. denied, 475 U.S. 1109, 106 S.Ct. 1516, 89 L.Ed.2d 915 (1986). Many state courts also take this approach. *See generally McGlynn v. Grinberg*, 172 A.D.2d 960, 568 N.Y.S.2d 481 (Sup.Ct.App.Div.1991); *Farm*

*Credit Bank of St. Paul v. Huether*, 454 N.W.2d 710 (N.D.1990); *Kanter v. Superior Court*, 206 Cal.App.3d 803, 253 Cal.Rptr. 810 (2d Dist.1988); *Sterling v. Keidan*, 162 Mich. App. 88, 412 N.W.2d 255 (Mich.App.1987)."

*Granada Corp. v. First Court of Appeals*, 844 S.W.2d 223, 226 (Tex.1992).