**KODIAK RESOURCES, INC. and BBX Operating, L.L.C., Appellants,**

**v.**

**Patricia Ann SMITH, Beverly Lee Smith Sunday, Melody Koch, Keith Weeks, T.J. Pilgrim, Deanna Prunes, and Lee Ann Graham, Appellees.**

No. 09–10–00362–CV.

Court of Appeals of Texas, Beaumont.

Submitted Oct. 14, 2011.

Decided Feb. 16, 2012.

---

Amanda Taylor, Jamie Rose, Austin, for appellants.

Ben Elmore, Watt Beckworth Thompson Henneman & Sullivan LLP, Houston, for appellees.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

Patricia Ann Smith, Beverly Lee Smith Sunday, Melody Koch, Keith Weeks, T.J. Pilgrim, Deanna Prunes, and Lee Ann Graham[1] filed a suit under the Uniform Declaratory Judgment Act (DJA) seeking a declaration that a mineral lease[2] had terminated. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001–.011 (West 2008). The trial court entered a judgment declaring "that the leases did not continue." When the trial court granted judgment, Frances Aileen Nunnally, Barbara Joy Smith Roberts, William Wayne Cogbill,

---

1. Melody Koch, Keith Weeks, T.J. Pilgrim, Deanna Prunes, and Lee Ann Graham acquired their interest in the lease through their grandmother, Patsy Ann Smith Ryall. Prunes later non-suited her claims against Kodiak Resources, Inc. and BBX Operating, L.L.C. without prejudice.

2. On December 21, 2005, two identical oil and gas leases, covering 979.59 acres in Jasper County, Texas, were executed. Patricia Ann Smith and Frances Aileen Nunnally executed one lease, and Patsy Ann Smith Ryall, Beverly Lee Smith Sunday, Barbara Joy Smith Roberts, and William Wayne Cogbill executed the other. Anadarko E & P Company LP was the original lessee, and it is undisputed that Kodiak and BBX succeeded to Anadarko's interest under the leases. Because the lease terms and the tract under the leases are identical, we refer to the two leases as "the lease."

and Prunes,[3] who were all parties to the lease, were not parties to the suit. Kodiak Resources, Inc. and BBX Operating, L.L.C., the lessees, appeal from the trial court's decision to grant the party-lessors' motion for summary judgment. Among other issues, the lessees argue that not all of the parties needed for a just adjudication were before the court. The lessees contend the trial court should have granted their motion to require that the party-lessors join the lessors who had not been made parties, given that the suit's object was the cancellation of a mineral lease in which all of the lessors had a mutual interest. *See* Tex.R. Civ. P. 39(a).

### Factual and Procedural Background

The lease before us contains a three-year primary term; other provisions in the lease serve to extend that term if the tracts were producing minerals, or if "operations," as defined by the lease, were being pursued "in search of or in an endeavor to obtain ... production[.]" In granting the motion for summary judgment, the trial court determined the lease had ceased to operate at the end of its primary term, and that provisions extending the primary term did not apply.

In March 2009, Smith, Sunday, Koch, Weeks, Pilgrim, Prunes, and Graham sued the lessees, asserting the lease had expired in 2008 and claiming that the lease had not been extended by the production of minerals or by operations. Six months later, the lessees asked the trial court to join Nunnally, Roberts, and Cogbill, who are also lessors under the lease, to the suit. Afterwards, but before the trial court acted on the lessees' motion to join additional parties, six of the seven party-lessors filed a

motion for partial summary judgment, asking the trial court to declare the lease to have terminated as of December 21, 2008.[4] Relying on certain provisions in the lease, the lessees responded to the motion for summary judgment, claiming that the lease's term had been extended.

In November 2009, the trial court denied the lessees' request asking to join Nunnally, Roberts, and Cogbill. Approximately four months later, the trial court granted the party-lessors' motion for partial summary judgment; entered an order declaring that the lease had terminated; and declared that pooling agreements which include the tract subject to the lease found in the real property records were "null and void[.]" In April 2010, the trial court entered a final judgment disposing of the parties remaining claims.

### Joinder of Necessary and Indispensable Parties

*Standard of Review and Applicable Law*

We review a trial court's decision concerning questions of the joinder of parties for abuse of discretion. *See Longoria v. Exxon Mobil Corp.*, 255 S.W.3d 174, 180 (Tex.App.-San Antonio 2008, pet. denied). A trial court abuses its discretion if it acts in an unreasonable and arbitrary manner or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Rule 39 governs questions of joinder. *See Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 162 (Tex.2004). Rule 39(a) requires the joinder of a person who is subject to service of process if

---

**3.** After filing suit, Prunes filed a motion requesting that her claim be non-suited, which the trial court granted prior to granting the joined lessors' motion for summary judgment.

**4.** Prunes filed a motion requesting that she be non-suited on the same date. The trial court granted Prunes's motion the following day.

(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. Tex.R. Civ. P. 39(a). "Although [Rule 39] provides for joinder in mandatory terms, 'there is no arbitrary standard or precise formula for determining whether a particular person falls within its provision.'" *Longoria,* 255 S.W.3d at 180 (quoting *Cooper v. Tex. Gulf Indus., Inc.,* 513 S.W.2d 200, 204 (Tex.1974)). Nonetheless, "Rule 39, like the Declaratory Judgment Act, mandates joinder of persons whose interests would be affected by the judgment." *Brooks,* 141 S.W.3d at 162 ("When declaratory relief is sought, *all persons who have or claim any interest that would be affected by the declaration must be made parties.*" (emphasis added by the Texas Supreme Court)).

## Analysis

■ Here, the non-party lessors have a direct financial interest in the lease as well as a financial interest in the pooling agreement. Absent the presence of the non-party lessors, the trial court was deprived of their input regarding whether facts existed to extend the lease's term and concerning their interests in the pooling agreements. Further, without the presence of the non-party lessors, the non-party lessors can reasonably argue that the trial court's decision was not binding on them, and thereby subject the lessees to a substantial risk of double, multiple, or otherwise inconsistent obligations. *See* Tex.R. Civ. P. 39(a); Tex. Civ. Prac. &

Rem.Code Ann. § 37.006(a) (providing that "[a] declaration does not prejudice the rights of a person not a party to the proceeding").

Prior to the Texas Supreme Court's adoption of the Texas Rules of Civil Procedure, the Texas Supreme Court held that royalty owners holding similar leases in a unitized block were indispensible parties to a suit filed by Claude Thomason, a party to one of the leases, who sought to have his lease cancelled. *Veal v. Thomason,* 138 Tex. 341, 159 S.W.2d 472, 474, 477 (1942); *see also Thomason v. Veal,* 144 S.W.2d 361 (Tex.Civ.App.-Amarillo, 1940). Noting that royalty owners were like joint tenants, since each owner's interest in the revenue under a lease was based on each lessor's acreage divided by the total acres in the block, and observing that royalty owners hold an interest in real property, the *Veal* Court concluded that all of the lessors had a "'direct interest in the object and subject matter of the suit and [their] interests will necessarily be affected by any judgment that may be rendered therein.'" *Id.* at 476–77 (quoting language used by the Amarillo Court of Appeals in *Veal,* 144 S.W.2d at 365). Discussing the effect of not having all of the lessors before the trial court, the *Veal* Court observed that the suit by one of the lessors, Thomason, would free Thomason's interest from the obligations under the unitized lease; consequently, the Court concluded that "the royalty owners under the other leases in this unitized block will have had such royalty interest in this land, for all practical purposes, cut off and destroyed without having had their day in court." *Id.* at 477. The *Veal* Court held that the absent lessors were necessary parties to the suit. *Id.*

Shortly before the Texas Supreme Court issued its decision in *Veal,* it adopted Rule 39, titled "Necessary Joinder of Parties,"

which follows the historic approach to joinder problems and treats the non-joinder of a necessary party as a jurisdictional defect.[5] Tex.R. Civ. P. 39, 4 Tex. B.J. 483, 494 (1941, amended 1970). However, by 1971, the Supreme Court amended Rule 39; by doing so, it "initiated an entirely new method for resolving the question of joinder of parties." *Cooper v. Tex. Gulf Indus., Inc.,* 513 S.W.2d 200, 203 (Tex. 1974); *see also* Tex.R. Civ. P. 39, 455–456 S.W.2d (Texas Cases) xxxi, xxxv (Supreme Court of Texas Order of July 21, 1970, effective Jan. 1, 1971).

One aim of the revised rule was to change the practice of treating party joinder problems as having created a jurisdictional defect in a trial court's power to act. *See Cooper,* 513 S.W.2d at 203. Here, we note that none of the parties question the trial court's jurisdiction to act. Following the amendment to Rule 39, a court's analysis regarding joinder "is more a question of whether the court ought to proceed with those who are present." *Id.* at 204. The commentary to Rule 39's amendment states that the purpose of the amendment is to conform joinder practices in State courts to practices followed by federal courts under Rule 19 of the Federal Rules of Civil Procedure. *See* 455–456 S.W.2d (Texas Cases) xxxi, xxxv (Supreme Court of Texas Order of July 21, 1970, effective Jan. 1, 1971) (commenting that the rule had been "rewritten to adopt, with minor changes, the provisions of Federal Rule 19 as amended").

We note that once a person's absence is identified as being needed for a just adjudication of the claims before the court, the current version of Rule 39 directs that the trial court "shall order that he be made a party." *Id.* We further note the commentary to the amendment contains nothing indicating that the Supreme Court intended to overrule its decision in *Veal,* in which it had required the joinder of all royalty owners in suit seeking the cancellation of a lease. *See id.; see also Royal Petroleum Corp. v. Dennis,* 160 Tex. 392, 332 S.W.2d 313 (1960) (continuing to require all royalty owners be joined as parties). Also, one authority, discussing the effect of the 1971 amendment to Rule 39 as it relates to prior court opinions, stated: "Perhaps the real value of the older cases is that those held indispensable are probably at least persons to be joined if feasible under the new rule." 1 Roy W. McDonald & Elaine A. Grafton Carlson, *Texas Civil Practice* § 5:43 (2d ed.2004).

The record before us reflects that it was feasible to join the non-party lessors. Further, nothing in the record demonstrates that the non-party lessors had

---

**5.** The text of Rule 39, as adopted in 1941, provided:

> (a) Necessary joinder. Except as otherwise provided in these rules, persons having a joint interest shall be made parties and be joined as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff.
> (b) Effect of failure to join. When persons who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court, the court shall order them made parties. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them can be acquired only by their consent or voluntary appearance; but the judgment rendered therein shall not affect the rights or liabilities of persons who are not parties.
> (c) Names of omitted persons and reasons for non-joinder to be pleaded. In any pleading in which relief is asked, the pleader shall set forth the names, if known to him, of persons who ought to be parties, if complete relief is to be accorded between those already parties, but who are not joined, and shall state why they are omitted.

Tex.R. Civ. P. 39, 4 Tex. B.J. 483, 494 (1941, amended 1970).

agreed to be bound by the results of this suit. Additionally, nothing in the record shows the non-party lessors waived their rights under the lease, nor does the record show that the interests of the non-party lessors are aligned with those of the party-lessors. Like *Veal*, each lessor, as a royalty owner, possesses an interest in a common lease, and those interests were at issue because the suit's object was to free the tract subject to the lease from burdens imposed by the lease.

Rule 39 also required that the trial court consider the effect of declaring the lease to be terminated on the lessees; in other words, whether terminating the lease left "any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations[.]" *See* Tex.R. Civ. P. 39(a)(2)(ii). In *Dennis*, a pre-Rule 39 amendment case involving a mineral lease, the Texas Supreme Court discussed the adverse effect that the judgment would otherwise have on the lessee oil and gas company had all parties not been required to· be joined in the suit. 332 S.W.2d at 316–17. In affirming the trial court's decision to require joining the absent royalty owners, the *Dennis* Court stated that "joinder of those cotenants in this suit and a determination of the respective interests owned by each, might prevent subsequent litigation[.]" *Id.* at 317; *see also Longoria*, 255 S.W.3d at 182–83 (discussing defendant's risk of incurring multiple or inconsistent obligations in concluding that the trial court did not err in its determination to require joinder of absent royalty interest owners). As a practical matter, in their absence, the lessees' obligations to all parties to the lease have been impaired by the trial

court's declaration that the lease, as to some of the parties, has ended. *See* Tex.R. Civ. P. 39(a)(2)(i); *see also Dennis*, 332 S.W.2d at 316 (stating that a finding that production had ceased would, for all practical purposes, determine the rights of the royalty owners who had not been made parties).

Factual differences distinguish this case from the principal case relied upon by the party-lessors, *Sabre Oil & Gas Corp. v. Gibson*, 72 S.W.3d 812 (Tex.App.-Eastland 2002, pet. denied). In *Sabre*, the Eastland Court of Appeals addressed whether the trial court should have required the joinder of persons who were not parties to the lease at. issue but whose property was included in a pooled unit with the lessors' tract. *Id.* at 814–15. The *Sabre* court concluded that, "Although they had an interest in that their share of the production from the pooled unit would be affected, presence of the other royalty owners was not necessary to determine whether Sabre pooled in bad faith and breached the terms of the lease." *Id.* at 816. In contrast, in the case before us, the respective interests of each party and of each non-party are governed by a lease to which all are parties.

The party-lessors' claims include claims for declaratory relief. With respect to these claims, the party-lessors· argue that under the DJA, the rights of those who are absent cannot be prejudiced.[6] *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.006(a) ("A declaration does not prejudice the rights of a person not a party to the proceeding."). Nevertheless, the DJA provides that "[w]hen declaratory relief is sought, all persons who have or claim any

---

**6.** We note that Kodiak and BBX, in the trial court and in their third issue on appeal, argue that the party-lessors' suit was improperly brought under the DJA and that the proper cause of action is a trespass to try title action.

Based on our resolution of Kodiak and BBX's first issue concerning joinder, we need not make a final determination regarding issue three.

interest that would be affected by the declaration *must* be made parties." *See id.* (emphasis added); *see also Zurita v. SVH–1 Partners, Ltd.,* No. 03–10–00650–CV, 2011 WL 6118573, *6–8, 2011 Tex.App. LEXIS 9670, *19–23 (Tex.App.-Austin Dec. 8, 2011, no pet.); *Indian Beach Prop. Owners' Ass'n v. Linden,* 222 S.W.3d 682, 697–98 (Tex.App.-Houston [1st Dist.] 2007, no pet.). Additionally, the Texas Supreme Court has emphasized the mandatory language regarding joinder contained in the DJA. *See Brooks,* 141 S.W.3d at 162 (noting that DJA mandates "joinder of persons whose interests would be affected by the judgment"). Thus, we are not persuaded that the language of the DJA permits a trial court to deny a party's request to join additional parties whose interests—the continuation of the lessees' duties under the lease—would be determined in resolving the claims of the parties before the court.

## Conclusion

Because the joinder of the non-party lessors was both feasible and needed for a just adjudication, and because their joinder was requested, we conclude the trial court erred by failing to require the joinder of all of the parties to the lease. We hold the trial court abused its discretion in not complying with the requirements of Rule 39.[7] *Veal,* 159 S.W.2d 472; *see also* Tex.R. Civ. P. 39(a). We reverse the final judgment of the trial court and remand the case to the

trial court for further proceedings consistent with this opinion.[8]

REVERSED AND REMANDED.

---

7. We recognize that the lessees' motion asking the trial court to require the joinder did not ask for Prunes's joinder, but at the time the lessees filed their motion Prunes was a party. Because the lessees asked at the time they filed their motion that all absent lessors be joined, we decline to rule that the lessees waived their request to require the joinder of all lessors.

8. Because all parties necessary for a just adjudication should be before the court, and because our decision will allow the trial court to review anew the arguments of the parties on the dispute concerning whether the lease, by its terms, extended into a new term, we need not now address the lessees' remaining issues. *See* Tex.R.App. P. 47.1.