**AFFIRM; Opinion issued January 31, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01578-CV

## IN THE INTEREST OF R.J.P.

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-52377-97**

## OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion By Justice Lang-Miers

Father appeals from the trial court's order modifying Father's obligation to pay child support to Mother for the care of their disabled adult son. On appeal Father argues that the amount of child support ordered is incorrect because the trial court did not offset it by the amount of social security benefits the son would receive. We affirm.

### BACKGROUND

Mother and Father were divorced in 1998, when their son R.J.P. was 29. R.J.P. has Down syndrome and lives with Mother. In 2010, when R.J.P. was 41, Father filed a petition to modify the parent-child relationship, seeking to terminate his $1,000-per-month child support obligation on the grounds that (1) Father's income is "practically non-existent," and (2) R.J.P. had a history of full-time employment and was capable of working full time.

The trial court held a hearing at which both Father and Mother testified. The following facts were undisputed. At the time of the divorce Father earned $150,000 per year and was ordered to pay $1,000 per month in child support. Father retired in 2002 and at the time of the hearing had recently applied for and started receiving social security. His income from social security and investment dividends and interest is approximately $2,430 per month, or $30,000 per year. Father also has between $500,000 and $700,000 in IRA accounts, which he estimates will generate $25,000 or $30,000 per year when he begins drawing on them. At the time of the hearing R.J.P. was receiving $618 per month in social security. But because Father started receiving social security, R.J.P. was eligible to start receiving $1,116 per month in social security, an increase of $498 per month.

At the conclusion of the hearing the trial court ordered that Father's child support obligation be reduced to $780 per month. The trial court did not issue findings of fact and conclusions of law.

## ANALYSIS

On appeal Father argues that the trial court erred when it calculated Father's child support. More specifically, relying on section 154.133 of the Texas Family Code, he argues that the child support award should have been $282 per month because the $780 per month ordered should have been reduced by $498 per month due to the additional social security R.J.P. would be receiving.

To preserve most issues for appellate review, a party must bring the issue to the trial court's attention by timely request, objection, or motion. *See* TEX. R. APP. P. 33.1. "If the matter is not presented to the trial court, the trial court has no opportunity to rule on the issue or to correct its ruling if it is made in error." *In re Marriage of Lendman*, 170 S.W.3d 894, 898 (Tex. App.—Texarkana 2005, no pet.) (citing *Lewis v. Tex. Emp'rs' Ins. Ass'n*, 246 S.W.2d 599, 600 (Tex. 1952)); *see also Powell v. Powell*, 604 S.W.2d 491, 493 (Tex. Civ. App.—Dallas 1980, no writ) ("The orderly administration of justice requires that issues and objections be raised in the trial court so that justice may be done there rather than to permit a litigant to wait until after the trial court has

–2–

acted adversely and then complain for the first time on appeal."); *In re D.W.*, 249 S.W.3d 625, 643–44 (Tex. App.—Fort Worth), *pet. denied*, 260 S.W.3d 462 (Tex. 2008) (per curiam) (noting rules of civil and appellate procedure "assure that parties must bring every complaint of error to the attention of the trial court in a timely manner, and they provide the trial court ample opportunity at every step of the trial proceedings to cure its own errors and grant new trials when needed, so as to eliminate unnecessary appeals").

In this case Father did not raise a complaint in the trial court that the amount of child support ordered by the trial court was not adequately offset by R.J.P.'s social security. He did not object or cite section 154.133 of the family code when the trial court announced its ruling at the conclusion of the hearing, nor did he raise a complaint about the amount of child support ordered or cite section 154.133 in a motion for new trial after the trial court signed its written order. Because Father did not present his complaint to the trial court, he has not preserved this issue for appellate review. *See* TEX. R. APP. P. 33.1; *see also In re A.B.P.*, 291 S.W.3d 91, 99–100 (Tex. App.—Dallas 2009, no pet.) (father did not preserve appellate argument that trial court erred when it awarded attorneys' fees in the nature of child support because he did not raise argument in trial court); *In re Marriage of Roberson*, No. 05-07-01061-CV, 2008 WL 4868345, at *2 (Tex. App.—Dallas Nov. 12, 2008, no pet.) (mem. op.) (mother did not preserve complaint that appointment of joint managing conservators conflicted with family code section 153.004 because she did not cite section 153.004 in the trial court or object to appointment of joint managing conservators); *In re J.S.H.*, No. 01-08-00563-CV, 2010 WL 987247, at *1 (Tex. App.—Houston [1st Dist.] Mar. 18, 2010, no pet.) (mem. op.) ("[Appellant] did not object at trial to the amount of child support ordered by the trial court. This issue, therefore, is not preserved for appeal.").

We resolve Father's sole issue on appeal against him and affirm.

ELIZABETH LANG-MIERS
JUSTICE

111578F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF R.J.P.

No. 05-11-01578-CV

Appeal from the 296th Judicial District Court of Collin County, Texas. (Tr.Ct.No. 296-52377-97).
Opinion delivered by Justice Lang-Miers, Justices Myers and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that Marjorie Pashuck recover her costs of this appeal from Raymond J. Pashuck, Sr.

Judgment entered January 31, 2013.

ELIZABETH LANG-MIERS
JUSTICE