**AFFIRMED and Opinion Filed October 28, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-19-00569-CV
_____

**TERESA WARD COOPER, AS NEXT FRIEND OF JANE DOE/D.T.,**
**Appellant**
**V.**
**FIRST FINANCIAL BANK, N.A., Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-01566-2016**

## MEMORANDUM OPINION
Before Justices Whitehill, Pedersen, III, and Reichek
Opinion by Justice Reichek

Teresa Ward Cooper, as next friend of Jane Doe/D.T., appeals the trial court's

declaratory judgment in favor of First Financial Bank, N.A. (the "Bank"). Appellant

brings five issues, with multiple sub-issues, generally contending the trial court erred

in declaring that a document attempting to appoint Jay Sandon Cooper, appellant's

husband, as D.T.'s deputy for purposes of a safe deposit box lease was ineffective

and in failing to award appellant her attorney's fees. In addition, appellant requests

that all copies of a medical document submitted by the Bank in this case be turned

over to D.T. and expunged from the court's record. For the reasons that follow, we affirm the trial court's judgment and deny appellant's request.

## Background

On July 7, 2015, D.T. executed a safe deposit box lease with the Bank (the "Lease"). The Lease provided for the appointment of a deputy with authority to act on D.T.'s behalf in connection with the Lease, the safe deposit box, and the box's contents. D.T. left the appointment space blank. The Lease further provided that D.T. could appoint a deputy in the future by written notice so long as that notice (1) was signed by D.T. along with an acknowledgement, (2) specifically referenced the Lease, (3) indicated whether or not the appointment was intended as a power of attorney with authority surviving D.T.'s disability or incapacity, and (4) included or was accompanied by the signature of the deputy accepting the appointment and confirming the Lease.

Approximately two months after D.T. entered into the Lease, Jay Sandon Cooper presented the Bank with a power of attorney indicating he had been appointed as D.T.'s attorney-in-fact. One of the powers listed in the document was "banking and other financial institution transactions." Based on this power of attorney, Cooper[1] requested access to D.T.'s safe deposit box.

---

[1] All references to "Cooper" are to Jay Sandon Cooper. Teresa Ward Cooper is referred to as "appellant."

According to Dereece Howell, the Bank's executive vice-president and chief operations officer, the Bank had a handwritten statement from D.T. in its files withdrawing a previous power of attorney she had granted to Cooper. Cooper's new power of attorney was not filed in Hood County, where the Bank was located, which was required under Bank policy. In addition, Howell testified Cooper provided the Bank with a physician's statement predating D.T.'s signature on the new power of attorney, declaring that D.T. was incapable of making executive decisions.[2] The Bank informed Cooper it would not accept the new power of attorney and he was not given access to D.T.'s safe deposit box.

Six weeks later, Howell spoke with D.T. by phone. Howell and D.T. discussed closing D.T.'s account and allowing Cooper access to the safe deposit box. Following that conversation, Howell sent D.T. a letter enclosing a form for D.T. to appoint Cooper as her deputy. Instead of adding Cooper as someone with authority under the Lease, the form sent by the Bank was drafted to have Cooper act as D.T.'s deputy for the purposes of emptying the safe deposit box and terminating the Lease. The form contained a hold-harmless agreement in favor of the Bank for any claims arising out of the Bank's reliance on D.T.'s appointment of Cooper as her deputy.

---

[2] Although the physician's statement was not introduced into evidence, Howell testified regarding its contents. Appellant's objections to this testimony were overruled and appellant does not challenge that ruling on appeal.

Cooper testified that D.T. refused to sign the form sent by the Bank because of the hold-harmless language. Instead, Cooper drafted a different appointment document that merely stated he was appointed as D.T.'s deputy. Although Cooper's signature on the document was acknowledged before a notary, D.T.'s signature was not. Howell testified the Bank was concerned about the fact that D.T.'s signature on the appointment was not notarized, but it wanted to try to make something work for D.T. On November 2, Howell sent Cooper an email stating that, because the deputy appointment form had not been acknowledged before a notary public, it was important for her to speak directly to D.T. Howell further stated that, if D.T. confirmed her signature on the appointment document and acknowledged she wished to appoint Cooper as her deputy, the Bank would waive the other appointment requirements set forth in the Lease and accept Cooper as D.T.'s deputy. Howell testified that, in response to this email, she was told that she would not be allowed to communicate with D.T. and Cooper began sending her threatening letters and emails.

The Bank filed this suit on April 8, 2016, seeking a declaratory judgment that the deputy appointment form tendered by Cooper was ineffective because it did not meet the requirements set out in the Lease. The Bank attached numerous documents to its petition, including the Lease, the purported new power of attorney, the deputy appointment tendered by Cooper, and the physician's statement declaring that D.T. was not capable of making executive decisions.

On the same day it filed its original petition, the Bank also filed a motion for the appointment of a guardian ad litem and a motion to seal the court's records to protect D.T.'s identity and privacy. The trial court granted the sealing motion and appointed a guardian ad litem for D.T. In its order appointing the ad litem, the court stated it appeared from the record that D.T. was an elderly person who had been diagnosed with dementia and may be vulnerable to identity theft and other abuses.

Appellant answered as D.T.'s next friend with a general denial. She also filed a counterclaim seeking attorney's fees. Appellant moved the court to remove the guardian ad litem contending the appointment was groundless and there was no indication that her interests as next friend were adverse to D.T.'s interests. The trial court denied appellant's motion.

The court conducted a bench trial at which Howell, Cooper, and appellant testified. After hearing the evidence, the court concluded the deputy appointment was not effective under the terms of the Lease. The court also denied appellant's counterclaim for attorney's fees. Counsel for the Bank informed the court that the Bank was willing to pay the fees for the ad litem and the trial court's judgment assessed the ad litem's fees against the Bank.

In its findings of fact and conclusions of law, the court stated the deputy appointment failed because it did not specify whether it was intended to operate as a power of attorney surviving D.T.'s incapacity or disability and D.T.'s signature was not acknowledged. The court further stated that, because it granted the Bank's

petition for declaratory judgment, appellant "was not the prevailing party, and her claim for an award of attorney's fees should have been, and was, denied." Appellant filed a request for specific additional and amended findings of fact, but the trial court made no further findings.

**Analysis**

**I. Subject Matter Jurisdiction**

We begin with appellant's third issue in which she contends the trial court's judgment is void for lack of subject matter jurisdiction. Appellant argues the Bank failed to plead sufficient facts to show it had standing to bring this action. The Bank's petition states it was seeking a declaratory judgment pursuant to chapter 37 of the Texas Civil Practice and Remedies Code. The Bank sought a declaration that the deputy appointment tendered by Cooper was ineffective to modify the Lease agreement between it and D.T. because it did not meet the appointment requirements set forth in the Lease.

Section 37.004 of the civil practice and remedies code states that a person "interested" under a contract or whose "rights, status, or other legal relations" are affected by a contract, may have any question regarding the construction or validity of the contract determined and obtain a declaration of rights, status, or other legal relations thereunder. TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a). The Bank, as a party to the Lease, clearly has standing to request the trial court make a determination of whether the deputy appointment tendered by Cooper was a valid

modification of the Lease. *Id.* The attempted appointment created contractual uncertainties about whether D.T. had effectively granted a third-party agency rights. An actual controversy existed based on the purported agent's demands to exercise rights under the Lease and his threats when those demands were not met. *See Fleming v. Ahumada*, 193 S.W.3d 704, 716 (Tex. App.—Corpus Christi–Edinburg 2006, no pet.); *Stark v. Benckenstein*, 156 S.W.3d 112, 117 (Tex. App.—Beaumont 2005, pet. denied).

Appellant points to a statement made by the Bank in an earlier motion for summary judgment that it "filed this action to protect its customer" to argue the Bank does not have standing to assert D.T.'s rights. This statement was made by the Bank to explain its motivation for bringing the suit and its decision to not seek an award of its attorney's fees. Because the Bank viewed the requested declaration as benefiting D.T., the Bank also asked the trial court to deny appellant's counterclaim for her attorney's fees. Nothing in the Bank's discussion of attorney's fees suggests it was relying on D.T.'s rights under the Lease as its basis for standing to bring this action. As a party to the contract, the Bank had its own rights and standing. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a).

Appellant next contends the trial court lacked subject matter jurisdiction because any declaration regarding the deputy appointment was moot. Appellant argues the durable power of attorney Cooper tendered to the Bank two months before the attempted appointment was sufficient to grant Cooper access to the safe deposit

box and, therefore, the trial court's declaration does not resolve the controversy between the parties.

The general test in Texas for whether a suit is appropriate for judicial resolution is that there must be a real controversy between the parties which will be actually determined by the judicial declaration sought. *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 163–64 (Tex. 2004); *Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996). An issue is moot if a party seeks a judgment on a controversy that does not really exist, or a judgment that, when rendered, cannot have any practical legal effect on a then-existing controversy. *Seals v. City of Dallas*, 249 S.W.3d 750, 754 (Tex. App.—Dallas 2008, no pet). As discussed above, a real controversy existed regarding whether the deputy appointment tendered by Cooper to the Bank was an effective modification of the Lease. The trial court's declaration resolved this controversy by determining the appointment was ineffective.

Appellant's argument that the declaration fails to resolve the controversy because Cooper's power of attorney grants him access to the safe deposit box is a non sequitur. The power of attorney and the deputy appointment are two separate alleged grants of agency by D.T. to Cooper. The Bank rejected Cooper's purported power of attorney, and appellant has asserted no affirmative claims or defenses against the Bank contending that rejection was wrongful. Nor did appellant seek a

judicial determination that Cooper's power of attorney was valid and enforceable.[3] Accordingly, the only means for Cooper to access the safe deposit box at issue is the attempted appointment of him as D.T.'s deputy under the terms of the Lease. The trial court's judgment resolves this matter.

Finally, appellant argues the trial court's declaration did not resolve the "underlying issue" because it "leaves the Bank in control of D.T.'s safe deposit box." A matter is not unresolved simply because a party does not agree with the outcome. Although appellant complains that D.T. is still not in possession of the contents of her safe deposit box, the trial court's declaration does not prevent D.T. from accessing the box. The declaration states only that the deputy appointment tendered by Cooper in October 2015 was ineffective to give him access to the box. This was the only issue the trial court was asked to decide. We resolve appellant's third issue against her.

## II. Necessary Parties

In her second issue, appellant contends the trial court's declaration "does not resolve the claimed dispute for non-joinder of Mr. Cooper." Appellant states that Cooper could "reasonably argue" the judgment is not binding on him as a non-party

---

[3] In her brief, appellant states the Bank's incorporation of the power of attorney in its petition was a "judicial admission." Although unclear, appellant appears to contend that the Bank's attachment of the power of attorney to its pleading constituted a judicial admission of its validity and enforceability. Appellant cites no authority for this proposition. In addition, at various points throughout her brief, appellant either assumes the enforceability of Cooper's power of attorney or presents argument regarding its independent validity. Because issues of the validity and enforceability of the power of attorney were never presented to the trial court for determination, this issue has not been preserved for our review. *See In re R.J.P.*, 391 S.W.3d 677, 678 (Tex. App.—Dallas 2013, no pet.).

to the suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(a). Based on this theoretical future argument, appellant contends the declaration is an impermissible advisory opinion. Appellant cites *Kodiak Resources, Inc. v. Smith*, 361 S.W.3d 246 (Tex. App.—Beaumont 2012, no pet.) in support of this contention.

In *Kodiak Resources*, some of the lessors under a mineral lease brought a declaratory judgment action against the lessees to terminate the lease. *Id*. at 248. The appellate court addressed the issue of whether it was an abuse of discretion for the trial court to deny the defendant lessees' motion to join the remaining lessors as necessary parties. *Id*. Unlike the facts presented in *Kodiak Resources*, Cooper is not a party to the lease contract at issue. Also unlike the defendants in *Kodiak Resources*, appellant never sought to join Cooper as a party in this suit. An alleged defect in parties must be raised in the trial court by a verified pleading. TEX. R. CIV. P. 93(4); *see also BCH Dev. Corp. v. Bee Creek Hills Neighborhood Ass'n*, No 03-96-00416-CV, 1996 WL 727385, at *6 (Tex. App.—Austin Dec. 19, 1996, writ denied) (not designated for publication). Appellant's answer in this case was only an unverified general denial. Appellant did not raise the issue of Cooper as a necessary party to this action until her brief on appeal. Accordingly, appellant has waived this issue. *Brooks*, 141 S.W.3d at 163.

As for appellant's contention that the trial court's judgment constitutes an advisory opinion, we have already concluded the court's declaration resolves the controversy between the Bank and appellant regarding the effectiveness of the

–10–

attempted modification of the Lease. This is a final and complete adjudication of the dispute between the only two parties to the Lease. *See id*. at 162. We resolve appellant's second issue against her.

## III. Effectiveness of the Deputy Appointment

In her fourth issue, appellant contends the trial court erred in granting the declaratory judgment in favor of the Bank. Appellant does not appear to dispute that the deputy appointment document tendered by Cooper fails to meet the requirements for a valid appointment under the terms of the Lease. Appellant argues instead that the deputy appointment and the power of attorney must be construed together and, when combined, they contain all the necessary elements for a valid appointment. Appellant contends the trial court "committed harmful error when it did not consider the effect of the power of attorney on the Lease and deputy appointment." She further states, without discussion or analysis, that the power of attorney was part of the "entire agreement." Neither the power of attorney itself nor the circumstances surrounding its creation or the creation of the Lease supports appellant's position.

"Under generally accepted principles of contract interpretation, all writings that pertain to the same transaction will be considered together, even if they were executed at different times and do not expressly refer to one another." *DeWitt Cty. Elec. Co-op., Inc. v. Parks*, 1 S.W.3d 96, 102 (Tex. 1999). In addition, separate writings may be construed together if the connection appears on the face of the

documents by express reference or by internal evidence of their unity. *Kartsotis v. Bloch*, 503 S.W.3d 506, 516 (Tex. App.—Dallas 2016, pet. denied).

The Lease is a contract between the Bank and D.T. Under the terms of that contract, if D.T. wished to modify the Lease to appoint a deputy, she was required to submit a form that met certain requirements. The deputy appointment made the subject of this suit was the form submitted for that purpose.

The purported power of attorney is an entirely separate agency designation unrelated to the contract between the Bank and D.T. The power of attorney and the Lease do not reference each other and they were not created at or near the same time. Nor were they created as part of the same transaction. The same is true for the power of attorney and the deputy appointment. Although both the deputy appointment and the power of attorney pertain to a grant of agency authority, the deputy appointment relates to the Lease alone, whereas the power of attorney pertains to a full range of matters and transactions for which a power of attorney may be granted. The Bank rejected the power of attorney, and it played no role in the discussions among the Bank, D.T., and the Coopers about the deputy appointment. Regardless of whether it is ultimately determined that the power of attorney is valid – a matter not before us – it cannot be read and construed together with the Lease or deputy appointment because these documents were executed at different times, between different parties, for different purposes, and in the course of different transactions. *See Vinson v. Brown*, 80 S.W.3d 221, 231 (Tex. App.—Austin 2002, no pet.).

In the alternative, appellant contends the Bank has waived strict compliance with the deputy appointment requirements set forth in the Lease based on its communications with D.T. and Cooper. Waiver is an affirmative defense and the party asserting it bears the burden of proof.[4] *In re State Farm Lloyds*, 170 S.W.3d 629, 634 (Tex. App.—El Paso 2005, orig. proceeding). The elements of waiver include (1) an existing right, (2) the party's actual knowledge of its existence, and (3) the party's actual intent to relinquish that right, or intentional conduct inconsistent with claiming that right. *Safeco Ins. Co. of Am. v. Clear Vision Windshield Repair, LLC*, 564 S.W.3d 913, 920 (Tex. App.—Houston [14th Dist.] 2018, no pet.). For waiver to be established by conduct, that conduct must be unequivocally inconsistent with claiming a known right. *Van Indep. Sch. Dist. v. McCarty*, 165 S.W.3d 351, 353 (Tex. 2005).

Appellant first points to the deputy appointment form the Bank sent to D.T. containing the hold-harmless provision. Appellant notes that this form had no language regarding whether it was intended to operate as a power of attorney surviving D.T.'s incapacity or disability. Accordingly, appellant contends the Bank waived the requirement that the deputy appointment contain a power of attorney provision.

---

[4] Although appellant failed to properly plead waiver as an affirmative defense, we address this issue to the extent it appears to have been tried by consent. *See Haas v. Ashford Hollow Cmty. Improvement Ass'n, Inc.*, 209 S.W.3d 875, 884 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

Although the deputy appointment form sent by the Bank did not include language regarding whether it was intended to operate as a power of attorney surviving D.T.'s incapacity or disability, this was because the form also contained a hold-harmless provision and stated the Lease was terminated once Cooper withdrew the contents of the safe deposit box. With the Lease terminated, there was no need for the appointment to define the nature of Cooper's authority on an ongoing basis. In contrast, the unacknowledged appointment form tendered by Cooper simply stated he was appointed as D.T.'s deputy, leaving the lessor/lessee relationship between the Bank and D.T. unchanged. Cooper's form put the Bank in the position of determining, at its own peril, the nature and extent of Cooper's continuing agency. Because the hold-harmless provision and termination language in the Bank's proposed form obviated its need for the power of attorney provision, the trial court could properly conclude the proposed form was not an unequivocal waiver of the Bank's right to demand, in the absence of those things, a form meeting the requirements of the Lease.

Appellant also points to Howell's email stating the Bank would accept the deputy appointment Cooper drafted if Howell was able to speak with D.T. and personally confirm D.T.'s desire to appoint Cooper as her deputy and her signature on the document. It is undisputed, however, that no one at the Bank was permitted to speak with D.T. following this email. As with the Bank's proposed deputy appointment form, it is clear the Bank was willing to forgo certain requirements for

the deputy appointment only if other specified conditions were met. Because it is undisputed the conditions were not met, the evidence supports a finding that the Bank did not waive its right to insist on compliance with the terms of the Lease.

As a final alternative, appellant contends the trial court should have ruled in her favor as a matter of equity to avoid a "patently unfair result." Appellant fails to explain how the trial court could, in the name of equity, ignore long settled principles of contract law to rule in her favor. Even in matters of equity, it is an abuse of discretion for the trial court to rule without regard to guiding legal principles. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

Appellant notes the trial court failed to make additional findings of fact she requested regarding the power of attorney and communications from the Bank. Appellant contends, without argument or authority, that this evidence supports an equitable judgment in her favor. She further contends the court's failure to make the requested findings prevented her from adequately presenting her case on appeal. The requested additional findings about which appellant complains include findings that (1) the power of attorney was presented to the Bank approximately two months after the Lease was executed and two months before the deputy appointment was tendered, (2) paragraph 5 of the power of attorney states that it grants Cooper the power of "banking and other financial institution transactions," (3) the Bank was willing to accept a deputy appointment in a form other than the form prescribed by the Lease as demonstrated by its communications with D.T. and Cooper, and (4) the

deputy appointment presented to the bank by Cooper did not comport with the specific appointment requirements set forth in the Lease. None of these facts was in dispute. A court need not make findings of fact on undisputed matters. *Limbaugh v. Limbaugh*, 71 S.W.3d 1, 5 (Tex. App.—Waco 2002, no pet.). Furthermore, additional findings are required only if they relate to ultimate or controlling issues. *See Rich v. Olah*, 274 S.W.3d 878, 886 (Tex. App.—Dallas 2008, no pet.). An ultimate fact issue is one essential to the cause of action that would have a direct effect on the judgment. *Id.* Most of the above requested findings pertain only to evidentiary matters rather than ultimate or controlling issues. As such, the trial court was not required to make the requested findings. *Id.*

The remaining requested finding about which appellant complains was that the Bank did not give the power of attorney "any effect upon the [deputy] appointment" because it was not filed of record in Hood County and, therefore, the power of attorney "was not considered by the court as having any effect upon the appointment." It is undisputed that one of the reasons the Bank rejected Cooper's power of attorney was that it was not filed in Hood County. But Howell testified at trial that the Bank rejected the power of attorney for multiple reasons, including D.T.'s withdrawal of a previous power of attorney granted to Cooper and a physician's opinion predating the power of attorney stating that D.T. was not capable of making executive decisions. Appellant's requested finding suggests that D.T.'s failure to file the power of attorney in Hood County was the sole basis for its

–16–

rejection and, as such, it is contrary to the uncontroverted evidence presented by the Bank at trial. A trial court is not required to make additional findings that are unsupported by the record. *Id*. In addition, the reasons for the Bank's rejection of the power of attorney are irrelevant to the ultimate and controlling issues in this case. *Id*. Accordingly, we resolve appellant's fourth issue against her.

## IV. Attorney's Fees

In her first issue, appellant contends the trial court's judgment is "defective" and its findings of fact and conclusions of law are "inadequate to protect D.T.'s right to appeal the denial of attorney's fees and costs in this litigation." In the alternative, she contends the trial court erred in failing to award her reasonable and necessary fees and costs.

Appellant contends the trial court's judgment and findings are vague and she is "left to guess" the reason why her request for attorney's fees was denied. The judgment states that appellant "is not the prevailing party and her counterclaim [for attorney's fees] is denied." In its findings and conclusions, the court stated "[s]ince the petition for declaratory judgment was granted, Counter-Petitioner Teresa Ward Cooper, as Next Friend of [D.T.], was not the prevailing party, and her claim for an award of attorney's fees and costs should have been, and was, denied." Appellant argues these statements are ambiguous because they do not state her claim for fees was denied *because* she was not the prevailing party.

–17–

Although appellant filed a request for additional and amended findings of fact, the only findings she requested on the issue of attorney's fees concerned the reasonableness and necessity of the fees she incurred. She submitted no additional or amended findings addressing the basis of the trial court's decision to deny her claim. Because she did not make the court aware of her complaint, appellant failed to preserve this issue. *See Tagle v. Galvan*, 155 S.W.3d 510, 516 (Tex. App.—San Antonio 2004, no pet.).

Even if this issue had been preserved, there is nothing ambiguous about the reason for the trial court's denial of appellant's claim for fees. The only reason for the court to recite that appellant did not prevail – a fact made obvious by the remainder of the judgment, findings, and conclusions – was to explain the basis of its decision to deny her claim for fees. The grant or denial of attorney's fees in a declaratory judgment action is within the discretion of the trial court, and its decision will not be reversed on appeal absent a clear showing that this discretion was abused. *Ochoa v. Craig*, 262 S.W.3d 29, 33 (Tex. App.—Dallas 2008, pet. denied). Although a trial court may award attorney's fees to the non-prevailing party in a declaratory judgment action, the court is well within its discretion to deny an award of fees based on the outcome of the case. *Id.*; *Brazoria Cty. v. Tx. Comm'n on Envtl. Quality*, 128 S.W.3d 728, 744 (Tex. App.—Austin 2004, no pet.). We resolve appellant's first issue against her.

## V. Expunction

In her fifth issue, appellant requests we order the court's files expunged and the Bank's records purged to remove the physician's statement regarding D.T.'s mental incapacity. Appellant contends the document is protected by the physician-patient privilege under rule 509 of the Texas Rules of Evidence. *See* TEX. R. EVID. 509. In making her request for expunction, appellant relies on *In re GMAC Finance, L.L.C.*, 167 S.W.3d 940 (Tex. App.—Waco 2005, orig. proceeding). Appellant's reliance is misplaced.

*In re GMAC* was an original proceeding in which the appellate court addressed a request by a party to expunge from the court's record a privileged document inadvertently attached to the party's response to a petition for writ of mandamus. *Id.* at 941. Contrary to appellant's argument, the court concluded it had no authority to grant the expunction request. *Id.* The court did, however, seal the record and, relying on rule 193.3(d) of the Texas Rules of Civil Procedure, ordered the parties to return all copies of the document to the attorney who inadvertently disclosed it. *Id.* at 942.

The record in this case has already been sealed. Unlike the document at issue in *In re GMAC*, the allegedly privileged document at issue here was not filed for the first time in the appellate court. The doctor's statement was made a part of multiple filings in the trial court. Although appellant raised the issue of the physician-patient privilege in the court below, she never requested the trial court order all copies of

–19–

the document returned to D.T.  Accordingly, this issue has been waived.  *See In re R.J.P.*, 391 S.W.3d at 678.

Even absent waiver, under rule 193.3(d), a party that inadvertently produces privileged material during the course of litigation must assert the applicable privilege within ten days of the production to have the material returned.  TEX. R. CIV. P. 193.3(d).  Nothing in *In re GMAC* or rule 193.3(d) suggests this Court has the authority to order the Bank to return a document that was knowingly presented to it years ago outside the course of this litigation. We deny appellant's request.

We affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

190569F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

TERESA WARD COOPER, AS NEXT FRIEND OF JANE DOE/D.T., Appellant

No. 05-19-00569-CV    V.

FIRST FINANCIAL BANK, N.A., Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas Trial Court Cause No. 380-01566-2016.

Opinion delivered by Justice Reichek. Justices Whitehill and Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. Appellant TERESA WARD COOPER, AS NEXT FRIEND OF JANE DOE/D.T.'s request for expunction is **DENIED**.

It is **ORDERED** that appellee FIRST FINANCIAL BANK, N.A. recover its costs of this appeal from appellant TERESA WARD COOPER, AS NEXT FRIEND OF JANE DOE/D.T.

Judgment entered October 28, 2020