**AFFIRMED; Opinion Filed June 26, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01263-CV

### IN THE INTEREST OF O. G., A CHILD

### On Appeal from the 330th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. 11-07867

## MEMORANDUM OPINION
Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Fillmore

Appellant Stevy Greene appeals from orders entered in a suit affecting the parent-child relationship (SAPCR). In five issues, Greene contends (1) there is no evidence or insufficient evidence of a change of circumstances from the date of a prior order to support a change of conservatorship; (2) the trial court abused its discretion by failing to report child abuse; (3) the trial court abused its discretion by modifying a prior order in the SAPCR; (4) the trial court abused its discretion by eliciting testimony of witnesses, in making objections to evidence at trial, and by interlineating an emergency motion for a writ of attachment; and (5) the trial court abused its discretion by issuing an emergency ex parte writ of attachment. We affirm the trial court's order.

## Procedural Background

On April 29, 2011, Greene, father of O.G., filed his original petition in a SAPCR. On June 23, 2011, the trial court signed a final order in the SAPCR, appointing Greene and Elena Vernon, mother of O.G., as the joint managing conservators of O.G., with Greene having the exclusive right to designate the primary residence of O.G. within Dallas County, Texas, or any county contiguous to Dallas County. On September 19, 2011, Greene filed a petition to modify the June 23, 2011 order in the SAPCR. Greene alleged the circumstances of O.G., a conservator, or other party affected by the June 23, 2011 order to be modified had materially and substantially changed since rendition of the order. On July 23, 2012, Vernon filed a motion to modify the order in the SAPCR, requesting that the trial court appoint her the sole managing conservator of O.G., remove a geographic restriction on O.G.'s primary residence, and change parental rights and duties and possession of and access to O.G. Vernon alleged the circumstances of the "children [sic], a conservator, or other party affected by the order or orders to be modified [had] materially and substantially changed" since the June 23, 2011 order. On September 24, 2012, Greene filed his original answer to Vernon's motion to modify and counter-petition to Vernon's motion to modify. Greene alleged the "circumstances of the child, a conservator, or other party affected by the order to be modified [had] materially and substantially changed since the date of rendition of the order to be modified."

After hearings, an associate judge signed a November 26, 2012 temporary SAPCR report. Vernon filed her notice of de novo appeal on November 26, 2012. Vernon also filed a motion requesting that the trial court judge confer in chambers with O.G. in order to gather information

relevant to the best interest of O.G. The trial court granted that motion and conducted an interview in chambers with seven-year-old O.G.[1]

A bench trial of the motions to modify the order in the SAPCR was held on May 16, 2013. On May 17, 2013, the trial court rendered its order on the motions to modify (the May 17, 2013 modification order). In that order, the trial court found the material allegations in Vernon's motion to modify were true and that the requested modification was in the best interest of O.G. The trial court ordered Greene and Vernon removed as joint managing conservators of O.G., Vernon was appointed sole managing conservator of O.G., Greene was appointed possessory conservator of O.G., and Vernon was granted the right to designate O.G.'s primary residence. Greene was granted visitation with O.G. one weekend per month in the county where Vernon resides. On May 17, 2013, Vernon filed an emergency motion requesting a writ of attachment of O.G. In its May 17, 2013 order for issuance of a writ of attachment of O.G. (the order for writ of attachment), the trial court found, on the basis of the sworn statement in the "petition" and the evidence and argument of counsel, it was necessary and proper to immediately issue the writ of attachment.

The trial court denied Greene's motion for new trial. Greene filed this appeal of the May 17, 2013 modification order and the order for writ of attachment.

## Sufficiency of the Evidence

In his first issue, Greene asserts there is no evidence or insufficient evidence of a change of circumstances from the June 23, 2011 order to support a change of conservatorship or naming Vernon the sole managing conservator.

---

[1] The record on appeal does not contain a record of the trial court's interview of O.G. A docket entry in the record indicates O.G. was interviewed on February 26, 2013 in chambers.

*Standard of Review*

In family law cases, challenges to the sufficiency of the evidence do not constitute independent grounds for asserting error, but are relevant factors in determining whether the trial court abused its discretion. *Moore v. Moore*, 383 S.W.3d 190, 198 (Tex. App.—Dallas 2012, pet. denied). To determine whether the trial court abused its discretion because the evidence is legally or factually insufficient to support the trial court's decision, we consider whether the trial court (1) had sufficient evidence upon which to exercise its discretion, and (2) erred in its application of that discretion. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). We conduct the applicable sufficiency review when considering the first prong of the test. *Id.* We then determine whether, based on the elicited evidence, the trial court made a reasonable decision. *Id.* A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Id.*

In determining whether there is legally sufficient evidence to support a finding, we examine the record and credit evidence favorable to the finding if a reasonable fact finder could and disregard evidence contrary to the finding unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Evidence is legally insufficient only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence established conclusively the opposite of a vital fact. *Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010); *Gonzalez v. Gonzalez*, 331 S.W.3d 864, 867 (Tex. App.—Dallas 2011, no pet.). In a factual sufficiency review, we consider the entire record and will set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Cameron v. Cameron*, 158 S.W.3d

680, 683 (Tex. App.—Dallas 2005, pet. denied). When, as here, the trial court does not file findings of fact and conclusions of law, it is implied that the trial court made all findings necessary to support the trial court's order. *In re A.L.S.*, 338 S.W.3d 59, 65 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

A trial court's order modifying a joint managing conservatorship will not be disturbed on appeal unless the complaining party can show a clear abuse of discretion. *Long v. Long*, 144 S.W.3d 64, 67 (Tex. App.—El Paso 2004, no pet.). The test for abuse of discretion is whether the trial court acted in an arbitrary or unreasonable manner, or whether it acted without reference to any guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). The question of conservatorship of a child is left to the trial court's discretion because it "is in the best position to observe the demeanor and personalities of the witnesses and can 'feel the forces, powers, and influences that cannot be discerned by merely reading the record.'" *Jeffers v. Wallace*, 615 S.W.2d 252, 253 (Tex. Civ. App.—Dallas 1981, no writ) (quoting *Thompson v. Haney*, 191 S.W.2d 491, 493 (Tex. Civ. App.—Amarillo 1945, no writ)); *see also Bukovich v. Bukovich*, 399 S.W.2d 528, 529 (Tex. 1966) (change of conditions being shown, question becomes whether change of custody is warranted, and this is question within discretion of trial court whose action will not be disturbed in absence of an abuse of discretion).

*Analysis*

Both Greene and Vernon filed pleadings seeking to modify the trial court's June 23, 2011 order in the SAPCR. Greene alleged in his September 19, 2011 petition to modify the parent-child relationship that the "circumstances of the child, conservator, or other party affected by the order to be modified have materially and substantially changed since the date of rendition of the order to be modified." Vernon alleged in her July 23, 2012 motion to modify the parent-child relationship that the "circumstances of the children [sic], a conservator, or other party affected by

–5–

the order or orders to be modified have materially and substantially changed since the judge announced the prior order or orders." Greene also alleged in his September 24, 2012 counter-petition to modify the parent-child relationship that the "circumstances of the child, conservator, or other party affected by the order to be modified have materially and substantially changed since the date of rendition of the order to be modified."

Greene's and Vernon's modification claims required proof that the circumstances of the child, a conservator, or other party affected by the existing conservatorship order have materially and substantially changed since rendition of the existing order. *See In re L.C.L.*, 396 S.W.3d 712, 718 (Tex. App.—Dallas 2013, no pet.). Greene's allegations of changed circumstances constitute a judicial admission of that essential element of Vernon's claim for modification of the parent-child relationship. *See id.* at 718–19 (mother's allegation of changed circumstances constituted judicial admission of same essential element of father's claim for modification of parent-child relationship, even though mother did not request the same relief); *In re A.E.A.*, 406 S.W.3d 404, 410 (Tex. App.—Fort Worth 2013, no pet.) (one party's allegation of changed circumstances of the parties constituted judicial admission of the common element of changed circumstances of the parties in other party's pleading).

"Admissions in trial pleadings are judicial admissions in the case in which the pleadings are filed; the facts judicially admitted require no proof and preclude the introduction of evidence to the contrary." *In re A.E.A.*, 406 S.W.3d at 410. "Thus, a 'judicial admission is conclusive upon the party making it, . . . relieves the opposing party's burden of proving the admitted fact, and bars the admitting part[y] from disputing it.'" *Id.* (quoting *Hennigan v. I.P. Petroleum Co.*, 858 S.W.2d 371, 372 (Tex. 1993)). Having judicially admitted a material and substantial change in the circumstances of O.G., himself, or Vernon had occurred since rendition of the prior order,

Greene cannot now challenge the sufficiency of the evidence to support the change of conservatorship on this basis.

The family code allows a trial court to modify an order concerning conservatorship "if modification would be in the best interest of the child" and "the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since . . . the date of the rendition of the order. . . ." TEX. FAM. CODE ANN. § 156.101 (West 2014). "The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." *Id*. § 153.002 (West 2014). Trial courts have wide latitude to determine what is in a minor child's best interest. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982).

The trial court heard the testimony of Greene; Vernon; Enriquetta Brandy Vernon (Enriquetta), Vernon's twenty-nine-year-old daughter; and Christina Tallman (Tallman), Vernon's twenty-five-year-old daughter. The trial court also interviewed O.G. in chambers. Greene testified O.G. lived with him for twenty-one months before the May 2013 bench trial. Greene testified he knew Vernon felt threatened by him. The trial court heard testimony that Vernon, Enriquetta, and Tallman were afraid of Greene and that he threatened them with his aggressive and vulgar language and attitude. Greene contends this testimony does not reflect a change in circumstances since the June 23, 2011 order. However, the trial court specifically heard testimony from Tallman that days before the May 17, 2013 bench trial, O.G. told her he cannot cry or be sad in front of Greene because Greene becomes angry with him. Tallman testified O.G. expressed a fearful relationship with Greene and that O.G. had said five or six times that he does not feel comfortable around Greene. At the close of the bench trial, the trial judge stated Greene exposed children to psychological harm and is abusive. The trial judge stated that in her interview of O.G., he made statements to her consistent with testimony at the

trial, and that the statements were not statements a seven-year-old child would make if they had not happened. The trial judge stated that "had [she] had the forum" on the day she interviewed O.G., she would have "moved him immediately, because that's how imminent it felt." The trial judge stated that O.G. fears Greene, and "he fears you because he should." The trial judge stated that, whether or not Greene admitted he has anger issues, "O.G. knows that you do. And the fact that you aren't willing or that you can't see that there's some problem is really chilling."

After reviewing the record, we conclude there was evidence of mistreatment of O.G. by Greene and that Greene had become an improper person to exercise sole or managing conservatorship of O.G. Based on review of the record, we conclude the trial court did not abuse its discretion by determining that a change of conservatorship was in the child's best interest. *See Gillespie*, 644 S.W.2d at 451. We resolve Greene's first issue against him.

### Failing to Report Abuse

In his second issue, Greene contends the trial court abused its discretion by violating section 261.101 of the family code by failing to report abuse it felt "imminent" on the date O.G. was interviewed in chambers by the trial court. Section 261.101(a) provides that "a person having cause to believe that a child's physical or mental health or welfare has been adversely affected by abuse or neglect by any person shall immediately make a report as provided by this subchapter." TEX. FAM. CODE ANN. § 261.101(a) (West 2014). The report must be made to the Department of Family and Protective Services or a local or state law enforcement agency, or under certain circumstances, to other government agencies. *Id*. § 261.103 (West 2014). A person who has cause to believe that a child may be subject to abuse or neglect and knowingly fails to report the situation to an appropriate authority commits a criminal offense, generally a class A misdemeanor. *Id*. § 261.109 (West 2014).

Greene's briefing regarding the trial court's purported violation of section 261.101 of the family code consists of two sentences: "The Tex. Fam. Code 261.101 and 261.102 requires [sic] professionals to report suspected abuse within 48 hours. The statute is explicit, and provides that the report must be made to Child Protective Services and law enforcement." Greene wholly fails to provide substantive analysis of what redress he seeks for the trial court's purported abuse of discretion in failing to report "imminent" abuse of O.G. by Greene or how this purported abuse of discretion entitles Greene to redress for the period in which O.G. would have been subject to abuse by Greene — from the February 2013 in-chambers interview of O.G. to May 17, 2013 on which Vernon was granted sole managing conservatorship of O.G. *See Perry v. S.N.*, 973 S.W.2d 301, 308 (Tex. 1998) (holding it was not appropriate to interpret section 261.109(a) as establishing a duty and standard of conduct in tort).

Our appellate rules require an appellant's brief to contain a clear and concise argument for the contentions made with appropriate citations to authorities and the record. *See* TEX. R. APP. P. 38.1(h); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). Failure to cite applicable authority or provide substantive analysis waives an issue on appeal. *Huey*, 200 S.W.3d at 854; *see also Kang v. Hyundai Corp. (U.S.A.)*, 992 S.W.2d 499, 503 (Tex. App.—Dallas 1999, no pet.). Because Greene offers no legal analysis and fails to cite any authority to support his contention the trial court abused its discretion by failing to report child abuse by Greene under section 261.101 of the family code, he presents nothing for us to review with regard to this purported abuse of discretion by the trial court.[2] We resolve Greene's second issue against him.

---

[2] To the extent Greene's second issue could be construed as an argument that no report of suspected abuse or neglect of O.G. by the trial court supports Greene's assertion that the trial court abused its discretion in modifying conservatorship, we have concluded with regard to Greene's first issue that the trial court did not abuse its discretion in modifying conservatorship.

**Provisions of the Order Modifying Conservatorship**

In his third issue, Greene argues the trial court abused its discretion by allowing Vernon to "remove [O.G.] to California," because the SAPCR order "limits [Greene]'s access and is unenforceable," and by "setting [Greene]'s child support without consideration of Texas Family Code [section] 156.103."

Without citing authority to support his argument, Greene argues on appeal that the trial court's order modifying conservatorship is unenforceable because it fails to specify which weekend Greene is to have access to and possession of O.G. and "has no common language" requiring Vernon to surrender the child to Greene at the commencement of his possession of O.G. Greene also complains on appeal that the order fails to provide or order any "electronic communication" with O.G. and does not order Vernon to provide her address or phone number.

At the bench trial, Vernon stated to the trial court that, following the modification of conservatorship, she would be living with O.G. in California "for now." Greene argues on appeal that the trial court failed to consider the expense he would incur in traveling to California for visits with O.G. in ordering child support,[3] and the trial court abused its discretion in not considering section 156.103 of the family code in setting child support. *See* TEX. FAM. CODE ANN. § 156.103(a) (West 2014) (if change of residence results in increased expenses for party having possession of or access to child, court may render appropriate orders to allocate those increased expenses on fair and equitable basis, taking into account cause of increased expenses and best interest of child).

To preserve most issues for appellate review, a party must bring the issue to the trial court's attention by timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a). "If the

---

[3] The trial court based its order for child support upon Greene's annual net income of $28,600. Greene asserts there is no evidence to support this finding. However, Greene testified at the bench trial that his net income was $1,100 every two weeks, from which the trial court calculated an annual net income of $28,600. A net income of $550 per week multiplied by fifty-two weeks in a calendar year equals an annual net income of $28,600.

matter is not presented to the trial court, the trial court has no opportunity to rule on the issue or to correct its ruling if it is made in error." *In re R.J.P.*, 391 S.W.3d 677, 678 (Tex. App.—Dallas 2013, no pet.) (quoting *In re Marriage of Lendman*, 170 S.W.3d 894, 898 (Tex. —Texarkana 2005 no pet.)). We have reviewed the pleadings, including Greene's First Amended Motion for New Trial, and the record on appeal, and have concluded the complaints made with regard to this issue on appeal were not presented to the trial court. Because Greene did not present the complaints in this appellate issue to the trial court, he has not preserved this issue for appellate review. *See* TEX. R. APP. P. 33.1(a); *In re R.J.P.*, 391 S.W.3d at 678–79 (where appellant did not raise complaint in trial court regarding amount of child support ordered and did not raise that complaint or cite family code section in motion for new trial, appellant did not preserve issue for appellate review); *In re A.B.P.*, 291 S.W.3d 91, 99–100 (Tex. App.—Dallas 2009, no pet.) (appellant did not preserve appellate argument that trial court erred when it awarded attorney's fees in nature of child support because he did not raise argument in trial court).

We resolve Greene's third issue against him.

### Conducting Bench Trial

In his fourth issue, Greene asserts the trial court abused its discretion in the manner in which it conducted the bench trial. In this issue, Greene contends the trial court abused its discretion "by participating in the trial and acting as counsel for [Vernon] in eliciting extensive testimony from witnesses on behalf of [Vernon], personally making objections to [Greene]'s evidence, and interlineating [Vernon]'s Ex Parte Emergency Motion for Issuance of Writ of Attachment."

With regard to his assertion the trial court made objections to his evidence, Greene cites to a single statement that Greene's question to a witness had been asked and answered previously and an instruction by the trial court that Greene ask another question. With regard to his

assertion the trial court abused its discretion by "interlineating" Vernon's motion for issuance of a writ of attachment, Greene does not describe how the interlineation was a purported abuse of discretion by the trial court.[4]  Our appellate rules require an appellant's brief to contain a clear and concise argument for the contentions made with appropriate citations to authorities and the record.  *See* TEX. R. APP. P. 38.1(h);  *Huey*, 200 S.W.3d at 854.  Failure to cite applicable authority or provide substantive analysis waives an issue on appeal.  *Huey*, 200 S.W.3d at 854; *see also Kang*, 992 S.W.2d at 503.  Because Greene offers no legal analysis and fails to cite any authority to support these specific contentions, he presents nothing for us to review with regard to these purported abuses of discretion by the trial court.

With regard to Greene's contention in this issue that the trial court acted improperly as an advocate for Vernon by questioning Vernon's daughters who Vernon called as witnesses at trial, we review the trial court's questioning of a witness under an abuse of discretion standard.  *See Moreno v. Reliable Insulation, Inc.*, 217 S.W.3d 769, 772 (Tex. App.—Dallas 2007, no pet.); *Cason v. Taylor*, 51 S.W.3d 397, 405 (Tex. App.—Waco 2001, no pet.); *see also Born v. Va. City Dance Hall & Saloon*, 857 S.W.2d 951, 957 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (for purpose of eliciting evidence that has not otherwise been brought out, judge may put competent and material questions to a witness, and "where anything has been omitted, it is sometimes his duty to examine a witness").  Greene did not object to the trial court's questioning of the witnesses or to the questions posed by the trial judge to the witnesses.  *See* TEX. R. APP. P. 33.1(a).  Therefore, the testimony was before, and could be considered by, the trial court.  *See Johnson v. Hawkins*, 255 S.W.3d 394, 398 (Tex. App.—Dallas 2008, pet. denied).[5]

---

[4] To the paragraph of the emergency motion for writ of attachment stating "Movant applies for a Writ of Attachment of the person of O.G. because the court awarded sole managing conservatorship of O.G. to Elena Vernon," there is handwritten addition of "by virtue of a trial on the merits on May 16, 2013."  We note that the handwritten "interlineation" is an accurate statement.

[5] *See also In re S.C.S.*, No. 05-06-01600-CV, 2008 WL 1973570, at *2 (Tex. App.—Dallas May 8, 2008, no pet.) (mem. op.) (appellant did not direct appellate court to any place in the record where he made complaints to the trial court concerning section 152.311(a) of the family code).

We resolve Greene's fourth issue against him.

## Emergency Ex Parte Writ of Attachment

In his fifth issue, Greene contends the trial court abused its discretion by issuing an emergency ex parte writ of attachment in the absence of a court order and facts supporting an emergency. Greene asserts that issuance of the writ of attachment "without a signed final order as required by [section 152.308 of the family code], and supplement to [Vernon's] pleading, was an abuse of discretion. *See* TEX. FAM. CODE ANN. § 152.308(a) (West 2014) (a petition for expedited enforcement of child custody determination must be verified and certified copies of all orders sought to be enforced must be attached to the petition).

The record contains the trial court's May 17, 2013 modification order rendered following the May 16, 2013 bench trial and the trial court's May 17, 2013 order for the writ of attachment. The trial court's May 17, 2013 modification order awarded sole managing conservatorship of O.G. to Vernon, and after O.G. was taken into possession pursuant to the writ of attachment, he has been in the possessory custody of Vernon in accordance with the trial court's order in the SAPCR. Under these circumstances, this argument has been rendered moot.[6] An appellate court is prohibited from deciding a moot controversy. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999); *Trulock v. City of Duncanville*, 277 S.W.3d 920, 924 (Tex. App.—Dallas 2009, no pet.).[7]

---

[6] At oral submission, Greene's counsel acknowledged her "assumption" that "by now," Green's fifth issue on appeal is moot.

[7] Further, with regard to his complaint the emergency motion for writ of attachment failed to comply with family code section 152.308, the record contains no indication this complaint was raised in the trial court. *See* TEX. R. APP. P. 33.1(a). Because Greene did not present the complaint in this appellate issue to the trial court, he did not preserve this issue for appellate review.

## Conclusion

Having resolved Greene's issues against him, we affirm the trial court's order.

131263F.P05

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF O. G., A CHILD

No. 05-13-01263-CV

On Appeal from the 330th Judicial District Court, Dallas County, Texas
Trial Court Cause No. 11-07867.
Opinion delivered by Justice Fillmore, Justices Evans and Lewis participating.

In accordance with this Court's opinion of this date, the May 17, 2013 "Order in Suit to Modify Parent-Child Relationship" is **AFFIRMED**.

It is **ORDERED** that appellee Elena Vernon recover her costs of this appeal, if any, from appellant Stevy Greene.

Judgment entered this 26th day of June, 2014.