

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00062-CV
_____

RICHARD D. CRAWFORD, APPELLANT

V.

XTO ENERGY, INC., APPELLEE

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-262638-12, Honorable R. H. Wallace, Presiding

January 7, 2015

## DISSENTING OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

This case involves the construction of Rule 39(b) of the Texas Rules of Civil Procedure as it pertains to the equitable authority of a trial court to dismiss a lawsuit due to the absence of an "indispensable" party. In this breach of contract and declaratory judgment cause of action, the trial court determined that forty-four strangers to the contract at issue were indispensable, thereby ultimately resulting in the dismissal of

Appellant's claims when he failed to join those persons. The majority affirms the decision of the trial court.

As a point of beginning, I agree with the majority that we must review a trial court's decision regarding the joinder of parties pursuant to Rule 39(a) under an abuse of discretion standard. *Kodiak Res. Inc. v. Smith*, 361 S.W.3d 246, 248 (Tex. App.—Beaumont 2012, no pet.). I further agree that when reviewing matters committed to the trial court's discretion, a court of appeals may not substitute its judgment for that of the trial court. *Bowie Memorial Hospital v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). Therefore, while I might personally disagree with the trial court's decision that the additional parties were needed for a just adjudication under Rule 39(a), I acknowledge that the trial court did not abuse its discretion in ordering their joinder. Those concessions notwithstanding, where I part from the majority is in its implied determination that those parties were "indispensable" within the meaning of Rule 39(b) and the trial court did not abuse its discretion by dismissing Appellant's case for the failure to join those parties.[1] Because I believe the trial court abused its discretion by unjustly placing the burden of joining those parties on Appellant, leading to the dismissal of his claims and thereby bringing about an unjust result, I respectfully dissent.

As the majority states, the underlying facts of this controversy are not contested. Prior to 1964, Mary Ruth Crawford owned fee simple title to the 8.235 acres of land at issue in this case. In 1964, she conveyed the surface of that property to Texas Electric Service Company, reserving unto herself 100 percent of the oil, gas and other minerals.

---

[1] Dismissal is a harsh remedy and courts should not dismiss an action unless "in equity and good conscience" the "absent person [is] regarded as indispensable." *See* TEX. R. CIV. P. 39(b).

2

In 2007, Ms. Crawford, leased those minerals to Hollis R. Sullivan, Inc., XTO's predecessor-in-interest. Subsequently, Ms. Crawford died, leaving her estate to her son, Richard D. Crawford, Appellant herein. Appellant subsequently ratified the assigned oil and gas lease on the disputed property.

At or about the same time XTO acquired its interest in the disputed property from Hollis R. Sullivan, Inc., it also secured oil and gas leases from adjacent property owners. The oil and gas lease on the disputed 8.235 acres contained a pooling provision, and pursuant to that provision, XTO pooled the Crawford lease with leases from the adjacent properties to form the Eden Southwest Unit. On June 14, 2009, the Eden Southwest Unit 1H well was completed. Once the well was connected to a gathering system and production began, XTO secured from Appellant a division order pertaining to that pooled unit.

Subsequent thereto, without any adverse claims having been asserted by the adjacent property owners, XTO decided to not pay Appellant the royalties from the disputed property and, instead, decided to pay those royalties to the adjacent property owners under the theory that they were the rightful owners pursuant to the property title concept of strips and gores. When Appellant filed suit asserting causes of action for breach of his lease agreement, conversion and declaratory relief to remove the cloud from his title, XTO filed a motion to compel joinder of the adjacent property owners. *See* TEX. R. CIV. P. 39(a). The trial court then entered an order compelling the joinder of forty-four adjacent property owners. When Appellant did not join those parties, the trial court entered an order dismissing his causes of action. See TEX. R. CIV. P. 39(b).

3

It should be noted that none of the adjacent property owners have made any legal claim of ownership to the disputed property and there is no claim or dispute pending between Appellant and any of those property owners. The question concerning the application of the doctrine of strips and gores is one wholly created and caused by XTO and its conduct alone. Furthermore, there are no live claims pending which would prevent the trial court from rendering complete relief as between XTO and Appellant.

Rule 39 of the Texas Rules of Civil Procedure, governing the joinder of additional parties, is an equitable rule intended to shield parties from inconsistent judgments and obviate the necessity of multiple lawsuits. Here, contrary to the general rule that a party has no standing to argue the interest of someone other than itself, XTO is arguing the interest of the adjacent property owners. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000) (holding that Texas courts have long held that a party may not complain of matters that do not injuriously affect it or that merely affect the rights of others). By seeking to compel Appellant to add parties who are not indispensable to the claims being asserted, XTO is using the joinder rule as a sword rather than a shield. Compelling joinder under these circumstances acts to unjustly discourage Appellant from asserting his contractual claims by promoting complex and expensive litigation while fostering claims that adjacent property owners are not even asserting. Insofar as the interests of the adjacent property owners are concerned, simple reasoning dictates that in moving for their joinder, XTO was either (1) engaging in a procedural maneuver with the objective of causing expense and inconvenience to its opponent or (2) sincerely advocating the interest of the adjacent property owners. If the motives were of the former class, the trial court should have denied the motion and entered necessary

4

orders to discourage such gamesmanship. If the motivation was of the latter class, it follows that XTO could have contacted the adjacent property owners and encouraged them to intervene or it could have joined them itself in order to advocate the theory it claims to be applicable.[2]

Because the adjacent property owners are not indispensable to the claims being asserted by Appellant, before resorting to the harsh and inequitable remedy of dismissal, the trial court should have either denied the motion to join them as additional parties or it should have placed the burden of their joinder on the party asserting their interest.  Because the trial court failed to do so, it abused its discretion by dismissing Appellant's claims for the failure to join those parties.  Accordingly, I would reverse and remand with instructions that the trial court either proceed without the joinder of the adjacent property owners or that it order XTO to join the parties it deems necessary to its theory of the case.


Patrick A. Pirtle
Justice

---

[2] Responsive to Chief Justice Quinn's *Concurring Opinion*, I would argue that it is XTO, not Appellant, who seeks to take away another party's property interest.  With due credit to Lady Answerall from Jonathan Swift's political satire *Polite Conversation*, XTO cannot have its *pie* and eat it too.