Earle **COBB, Jr.,** Appellant,

v.

Thomas M. **THURMOND** and John E. **Clark,** Appellees.

No. 04–94–00436–CV.

Court of Appeals of Texas, San Antonio.

April 19, 1995.

Earle Cobb, Jr., San Antonio, pro se.

John E. Clark, Goode, Casseb & Jones, Thomas M. Thurmond, Thurmond & Sartori, Harry J. Skeins, Jr., Skeins & Williamson, P.C., San Antonio, for appellees.

Before CHAPA, C.J., and STONE and GREEN, JJ.

## OPINION

GREEN, Justice.

Earle Cobb, Jr. appeals a turnover order obtained against him by his judgment creditors, Thomas M. Thurmond and John E. Clark, bringing four points of error. We hold that the trial court was without authority to grant the turnover order because at the time it was entered this Court had acquired exclusive jurisdiction of the subject matter. Accordingly, the turnover order is invalid and is set aside and the appeal is dismissed.

This appeal is one of at least four separate appeals arising out of a judgment rendered against appellant on October 1, 1990. In that suit, appellees obtained a judgment against appellant for a portion of a contingent fee paid after the dissolution of the parties' law firm, Cobb, Thurmond & Clark, Inc. Appellant appealed the judgment to this Court and we affirmed. *See Cobb v. Thurmond,* No. 04–91–00046–CV (Tex.App.—San Antonio, October 30, 1991, writ denied) (not designat-

ed for publication). The supreme court denied appellant's application for writ of error. Refusing to be deterred, appellant then filed a petition for equitable bill of review, seeking relief from the October 1, 1990 judgment. After summary judgment was rendered against him in that case, appellant again appealed to this Court and again we affirmed. *See Cobb v. Thurmond,* No. 04–94–00179–CV (Tex.App.—San Antonio, January 11, 1995, writ requested) (not designated for publication).

In an attempt to enforce the judgment, appellees obtained their first turnover order on January 19, 1994. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 31.002 (Vernon 1986 & Supp.1994). That order required appellant to turn over 15% of his law practice gross income to appellees each month (hereinafter "the 15% Order"). The 15% Order was appealed to this Court on March 15, 1994.[1] The second turnover order was signed on July 6, 1994. The second order required appellant to turn over 20% of his law practice gross income to appellees each month (hereinafter "the 20% Order").

■ While appellant has not directly assigned as error the trial court's lack of authority to issue the 20% Order, this Court may, on its own, act to protect its jurisdiction by setting aside any action that would interfere with or impair the effectiveness of any relief sought on appeal. *See* TEX.R.APP.P. 43(d); *see also Hopper v. Safeguard Business Systems,* 787 S.W.2d 624, 627 (Tex. App.—San Antonio 1990, no writ). TEX. R.APP.P. 43(d) provides that, pending the appeal from an interlocutory order, "the [trial] court shall make no order granting substantially the same relief as that granted by the order appealed from...." Except for the percentages, the 20% Order under consideration here granted "substantially the same relief" as that granted by the 15% Order which, at the time, was already on appeal.[2] Consequently, the trial court was

---

1. An opinion affirming that turnover order has been issued contemporaneously with this opinion. *See Cobb v. Thurmond,* No. 04–94–00279–CV (Tex.App.—San Antonio, April 19, 1995).

2. The 15% Order states:

Judgment Defendant Earl Cobb, Jr. [sic] turn over to the Sheriff of Bexar County, Texas no later than the 5th day of each consecutive month beginning February 5, 1994, until the Judgment in this cause is paid in full, the sum

without authority to enter the 20% Order and it is therefore invalid.

Since it has been determined that the July 6, 1994 turnover order was invalid and unenforceable, it is unnecessary to address appellant's appeal points. The turnover order dated July 6, 1994 is vacated and the appeal is dismissed.

of fifteen percent (15%) of Judgment Defendant Earl Cobb, Jr.'s [sic] gross income that he received for the previous calendar month from his clients for legal services performed by Judgment Defendant Earl Cobb, Jr. [sic] in the normal course of his law practice.
The 20% Order states:
   Judgment Defendant Earl Cobb, Jr. [sic] turn over to the Sheriff of Bexar County, Texas no

later than the 5th day of each consecutive month beginning July 5, 1994, until the Judgment in this cause is paid in full, the sum of twenty percent (20%) of Judgment Defendant Earl Cobb, Jr.'s [sic] gross income that he received for the previous calendar month from his clients for legal services performed by Judgment Defendant Earl Cobb, Jr. [sic] in the normal course of his law practice.