ACCEPTED
03-15-00285-CV
5676464
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/15/2015 1:26:18 PM
JEFFREY D. KYLE
CLERK

**NO. 03-15-00285-CV**

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/15/2015 1:26:18 PM
JEFFREY D. KYLE
Clerk

**VOLKSWAGEN GROUP OF AMERICA, INC.
AND AUDI OF AMERICA, INC.**

*Appellants*

v.

**JOHN WALKER III, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF
THE TEXAS DEPARTMENT OF MOTOR VEHICLES BOARD, AND THE
HONORABLE MICHAEL J. O'MALLEY AND THE HONORABLE
PENNY A. WILKOV, IN THEIR OFFICIAL CAPACITIES AS
ADMINISTRATIVE LAW JUDGES FOR THE STATE OFFICE OF
ADMINISTRATIVE HEARINGS**

*Appellees*

On Appeal from the 201st Judicial District Court, Travis County, Texas
Trial Court Cause No. D-1-GN-15-001186
Honorable Amy Clark Meachum, Presiding Judge

**APPELLANTS VOLKSWAGEN GROUP OF AMERICA, INC. AND AUDI
OF AMERICA, INC.'S VERIFIED MOTION FOR TEMPORARY RELIEF
TO PROTECT THE COURT'S JURISDICTION**

_____

Pursuant to Texas Rules of Appellate Procedure 29.3 and 43.6, Appellants file this Motion for Temporary Order to Protect the Court's Jurisdiction and show as follows:

## A.    INTRODUCTION

1.    Appellants are automobile manufacturers Volkswagen Group of America, Inc. and Audi of America, Inc. (collectively "Audi").

2.     Appellees are three individuals who are sued in their official capacities, John Walker III, Michael J. O'Malley and Penny A. Wilkov. Walker is Chair of the Texas Department of Motor Vehicles Board. O'Malley and Wilkov are Administrative Law Judges for the State Office of Administrative Hearing (SOAH)[1].

3.     In this appeal, Audi seeks to overturn the 201st Judicial District Court's erroneous grant of Defendants/Appellees' Pleas to the Jurisdiction and the resulting dismissal of Audi's district court lawsuit.[2]

4.     Audi requests temporary relief to protect this Court's jurisdiction over this appeal and to prevent the issues presented in this appeal from becoming moot.

## B.     BACKGROUND FACTS

5.     Audi filed suit in a Travis County district court to enjoin Appellees from conducting *ultra vires* proceedings in an underlying contested administrative

---

[1]     The Texas Supreme Court held in *City of El Paso v. Heinrich*, 284 S.W.3d 366, 368 (Tex. 2009), that an action to "determine or protect a private party's rights against a state official who has acted without legal or statutory authority is not a suit against the State that sovereign immunity bars," and, therefore must be brought against the state actor in his or her official capacity since the state and its subdivisions remain immune. *Id.* at 373*; Southwestern Bell Tel., L.P. v. Emmett*, ___ S.W.3d ____, 58 Tex. Sup. Ct. J. 567; 2015 WL 1285326 (Tex. 2015).

[2]     The district court lawsuit was styled Cause No. D-1-GN-15-0001186, *Volkswagen Group of America, Inc. and Audi of America, Inc. v. John Walker III, in his official capacity as Chairman of the Texas Department of Motor Vehicles Board, and the Honorable Michael J. O'Malley and the Honorable Penny A. Wilkov, in their official capacities as Administrative Law Judges for the State Office of Administrative Hearings.*

case (Contested Case)[3] that is pending in the Texas Department of Motor Vehicles, Motor Vehicle Division (the Board). CR 117-148 and exhibits thereto. In the Contested Case, Budget Leasing Inc. d/b/a Audi North Austin and Audi South Austin (Budget), protested the manufacturer's rejection of Budget's proposed transfer of two Audi dealerships to a group of investors. CR 367-369.

6. The Board referred Budget's protest to the State Office of Administrative Hearings (SOAH) for trial. CR 399-502. The trial on the merits lasted nine days. Nineteen witnesses testified at the trial and almost 300 exhibits were introduced. CR 138-39; 399-502. Subsequently, SOAH Administrative Law Judges O'Malley and Wilkov (the "ALJs") issued a Proposal for Decision ("PFD") in the administrative Contested Case in which they agreed with many of Audi's concerns about the proposed transfer and recommended that the Board issue a final decision finding the prospective transferees unqualified, but found that the prospective transferees would be qualified if they met certain conditions designed to assuage Audi's concerns. CR 399-502; 485-86.

7. The Board did not enter the decision proposed by the ALJs. Based on its staff's recommendation, the Board dismissed the protest because Budget had

---

[3]  The administrative Contested Case is styled *Budget Leasing, Inc. d/b/a Audi North Austin and Audi South Austin v. Weitz, et. al. v. Volkswagen Group of America, Inc., et. al.*, MVD Docket No. 13-0008-LIC, SOAH Docket No. 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.LIC, before the Texas Department of Motor Vehicles, Motor Vehicle Division (the "Contested Case").

not strictly complied with the protest application provision of the Texas Occupations Code. CR 503-505.

8.     Budget and the Intervenors (some of the prospective transferees)[4] filed a motion for rehearing with the Board.  Rehearing was granted and scheduled to take place at the February 13, 2015 Board meeting.  At the February 13th Board meeting, the Board voted to remand the Contested Case back to SOAH, over Audi's objections that Chairman Walker did not have the statutory authority to order the remand,[5] and that the ALJs did not have the statutory power to conduct the remand or reopen evidence after the issuance of a PFD.[6]  Moreover, the Contested Case was remanded ***on an expedited basis*** to the ALJs for further

---

[4]     Under the Occupations Code, proposed transferees do not have standing to bring a protest action—only the existing dealer has standing to protest a manufacturer's refusal to approve a proper transfer.  Tex. Occ. Code § 2301.360(a) ("A dealer whose application is rejected under Section 2301.359 may file a protest with the board."); *Butnaru v. Ford Motor Company*, 84 S.W.3d 198, 206 (Tex. 2002) ("The Code's definition of 'dealer' includes licensed dealers but not prospective transferees.")

[5]     Appellees do not have inherent powers.  Instead, as state agency actors, they only have the powers specifically given to them by the legislature.  *See e.g., Sexton v. Mount Olivet Cemetery Assn*, 720 S.W.2d, 137 (Tex. App.—Austin 1986, writ ref'd n.r.e.).  Chairman Walker was not authorized to issue a remand because remand is not a remedy listed in § 2001.058(e) of the Administrative Procedure Act.  Further, the remand order materially differs from a board member's motion.  CR 7-8, 1898, 1905-06, 1908. Moreover, the remand is designed to consider "evidence" that was not timely filed despite the fact that the Code only permits the board members and ALJs to consider "materials that are submitted timely." Tex. Occ. Code § 2301.709(a); 2301.154.  This "evidence" was not presented for the Board's consideration until October 15, 2014 despite the fact that the evidence had closed on May 28, 2014, the ALJs issued a PFD on July 16, 2014 and the Board issued a Final Order on September 12, 2014.  CR 502, 505.  In fact, this "evidence" was not even mentioned in Budget's operating Motion for Rehearing. *See e.g.*, CR 139.

[6]     The ALJs are outside their authority because SOAH Rule 155.153 only allows an ALJ to reopen evidence "if the judge has not issued a dismissal, proposal for decision, or final decision."  Here, the remand attempts to reopen evidence long after the ALJs issued a PFD. *See e.g.*, CR 140.

4

proceedings pursuant to an Order signed by Walker.[7] CR 152-53; 169. As requested by Chairman Walker, the ALJs created and began implementing an expedited schedule for the remand. CR 133. CR 506-526; 152-153.

9. Consequently, Audi filed this lawsuit in district court to prevent, among other things, *the ultra vires*: 1) remand of the Contested Case; 2) reopening of evidence after issuance of the PFD; 3) issuance of a new PFD by the ALJs; and, 4) issuance of a new final decision. The Supreme Court has specifically approved of the use of a declaratory judgment action/request for prospective injunctive relief as the proper process for assessing whether individual state actors exceeded their statutorily authorized powers in an underlying administrative proceeding. *See e.g., Heinrich*, 284 S.W.3d at 369. Where, as here, a state agency official acts beyond his or her statutorily conferred powers, a trial court may intervene in a contested case pending before an agency regardless of whether a party has exhausted its administrative remedies. *City of Sherman v. Public Util. Comm'n*, 643 S.W.2d 681, 683, 685 (Tex. 1983); *Westheimer Indep. Sch. Dist. v. Brockete*, 567 S.W.2d 780, 785 (Tex. 1978); *Yamaha Motor Corp. v. Motor Vehicle Division*, 860 S.W.2d 223, 229 (Tex. App.—Austin 1993, writ denied); *Appraisal Review Board of Harris County Appraisal District v. O'Connor & Assocs.*, 267 S.W.3d 413, 419 (Tex.

---

[7] Not only did the Board's order request that the ALJs expedite their remand proceedings, but Chairman Walker also assured counsel for Budget that "as soon as we get this back . . . we will expedite and move the process along as quickly as possible. You have my word on that." Ritsema Affidavit at ¶ 13.

5

App.—Houston [14th Dist.] 2008, no pet.) (citing cases). This exception to the exhaustion of administrative remedies doctrine allows a trial court to intercede in an agency matter before administrative remedies are exhausted because, in these *ultra vires* cases, the purposes underlying the exhaustion of remedies rule are not applicable, judicial and administrative efficacy are not served by requiring exhaustion, and agency policies and expertise are irrelevant if the agency's final action will be a nullity. *See City of Houston v. Williams*, 99 S.W.3d 709, 717 (Tex. App.—Houston [14th Dist.] 2003, no pet; *Mag-T, L.P.*, 161 S.W.3d at 625.

10. Nevertheless, Defendants/Appellees filed Pleas to the Jurisdiction in which they asserted, among other things, governmental immunity from suit and the exhaustion of remedies doctrine. CR 821-843.

11. The court below erroneously granted the Defendants/Appellees' Pleas to the Jurisdiction, thereby allowing the *ultra vires* remand of the Contested Case to go forward. CR 2030-31. Audi then filed this appeal and seeks the temporary relief described below to protect this Court's jurisdiction to decide this dispute.

### C. INTERIM RELIEF REQUESTED TO PROTECT THIS COURT'S JURISDICTION

12. Audi requests interim relief preventing Defendants/Appellees from continuing the remand process in order to protect this Court's jurisdiction and to prevent this dispute from becoming moot. As the facts below demonstrate, mootness is a legitimate concern here because the remand could be completed

6

before this Court reaches the merits of this appeal.

13. In fact, Chairman Walker requested expedited treatment for the remand of the contested case and the ALJs are using a compressed schedule for the remand of the contested case—the ALJs conducted the remand hearing on April 16, 2015 and required post-hearing briefing by May 28, 2015. CR 133;152-53; 169. Under the Administrative Procedure Act, the ALJs must issue a PFD within 60 days of the closing of evidence in a hearing. Tex. Gov't Code § 2001.143. Post-hearing briefing concludes on June 26, 2015 and the ALJs could issue a second, *ultra vires*, PFD at any time within 60 days of the closing of the hearing. As a result, the Board could enter a decision based on that PFD before September. Ritsema Affidavit at ¶ 13.

14. Unless this Court grants temporary relief, those actions will moot this appeal before this Court has the ability to consider this appeal, since this Court does not hear arguments during the summer. In fact, its next oral arguments are not scheduled until September 2, 2015. Therefore, even if this case was argued on September 2 (which is not likely), there is little chance that this Court would be able to issue an opinion on the merits of this appeal before the Appellees could cause this dispute to become moot. This Court must reach the merits of this appeal, dealing with construction of the Occupations Code and its interplay with the Administrative Procedure Act and the Government Code, to be able to

7

determine that Defendants/Appellees' actions were *ultra vires* acts that constitute an exception to immunity from suit. *Southwestern Bell*, 2015 WL 1285326 at *3; *See e.g.*, *Texas Dept. of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) (state official who acts outside his statutory authority commits *ultra vires* act that is an exception to governmental immunity and to the exhaustion of administrative remedies doctrines). Therefore, this Court should issue interim relief to allow it to reach these issues before they become moot.

## B.     ARGUMENT AND AUTHORITIES

15.     This Court has the power to issue a temporary order (halting Appellees from conducting further remand proceedings and from issuing a PFD and/or Final Decision) to prevent this appeal from becoming moot before this Court has an opportunity to rule on the merits of Audi's appeal.

16.     In fact, this Court has inherent power to protect its jurisdiction and is also authorized under Texas Rules of Appellate Procedure 29.3 and 43.6 to enter temporary orders to protect its jurisdiction. Therefore, Appellant Audi requests that this Court grant temporary relief to protect the Court's jurisdiction over this appeal while this Court considers the merits of Audi's appeal.

17.     Specifically, this Court has the power to bar any person from taking any action which interferes with this Court's jurisdiction, impairs the effectiveness of any relief sought on appeal, or otherwise threatens to render an appeal moot.

8

*E.g.*, Tex. R. App. P. 29.3 ("When an appeal from an interlocutory order is perfected, the appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal . . ."); Tex. R. App. P. 43.6 ("The court of appeals may make any other appropriate order that the law and the nature of the case require"); *Cobb v. Thurmond*, 899 S.W.2d 18, 19 (Tex. App.—San Antonio 1995, writ denied) ("[An appellate court] may, on its own, act to protect its jurisdiction by setting aside any action that would interfere with or impair the effectiveness of any relief sought on appeal"); *Lamar Builders, Inc. v. Guardian Savings & Loan Association*, 786 S.W.2d 789, 790 (Tex. App.—Houston [1st Dist.] 1990, no writ) ("[An appellate court] has authority under rule 43(c) [now Rule 29.3], to issue such temporary orders as it finds necessary to preserve the rights of the parties until disposition of the appeal . . ." and noting that upon presentment of supporting evidence, it would be appropriate to enjoin appellees from presenting letters of credit that would moot the appeal)[8].

---

[8]     *See also Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 682-83 (Tex. 1989) (noting that a superior appellate court has power to issue a writ against an inferior tribunal to prohibit it from interfering with a pending appeal or enforcement of the appellate court's orders); *In re Lewis*, 223 S.W.3d 756, 761 (Tex. App.—Texarkana 2007, orig. proceeding) ("[An order] may issue to . . .prevent interference with higher courts in deciding a pending appeal . . . .") (citing *Tex. Capital Bank–Westwood v. Johnson*, 864 S.W.2d 186, 187 (Tex. App.—Texarkana 1993, orig. proceeding); *McClelland v. Partida*, 818 S.W.2d 453, 456 (Tex. App.—Corpus Christi 1991, orig. proceeding)); *In re Shields*, 190 S.W.3d 717, 719 (Tex. App.—Dallas 2005, no pet.) (citing *Dallas Morning News v. Fifth Court of Appeals*, 842 S.W.2d 655, 657 (Tex. 1992)) ("A court of appeals may issue such a writ to prevent an appeal from becoming moot.")

18.     As such, this Court has the power to prevent Appellees from taking further steps in the administrative remand which threaten to render Audi's appeal moot and deprive this Court of jurisdiction over Audi's appeal.

WHEREFORE, PREMISES CONSIDERED, Appellants Volkswagen Group of America, Inc. and Audi of America, Inc. respectfully request that this Court grant temporary relief preventing Appellees from conducting further remand proceedings in the contested case, from issuing a PFD based on the remand, and from issuing, signing or entering a new Final Order based on the remand until this Court rules on the merits of Audi's appeal.  Audi also requests such other and further relief, both general and specific, at law and in equity, to which it may be entitled.

Respectfully submitted,

**KING & SPALDING LLP**

By: /s/ S. Shawn Stephens
S. Shawn Stephens
Texas Bar No. 19160060
sstephens@kslaw.com
James P. Sullivan
Texas Bar No. 24070702
jsullivan@kslaw.com
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

Billy M. Donley
Texas Bar No. 05977085
Mark E. Smith
Texas Bar No. 24070639
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717

***Attorneys for Appellants***
***Volkswagen Group of America, Inc.***
***and Audi of America, Inc.***

## CERTIFICATE OF CONFERENCE

As required by TEX. R. APP. P. 10.1, I conferred counsel for Appellees on the merits of Appellants' Verified Motion for Temporary Relief to Protect the Court's Jurisdiction. Dennis McKinney, counsel for Appellee John Walker III, is not opposed. Kimberly Fuchs, Counsel for Appellees Michael J. O'Malley and Penn A. Wilkov, is opposed. Dent M. Morton, counsel for Appellees Ricardo M. Weitz; Hi Tech Imports North, LLC; Hi Tech Imports, South, LLC; and Hi Tech Imports, LLC, is opposed.

/s/ S. Shawn Stephens
S. Shawn Stephens

## CERTIFICATE OF SERVICE

I certify that on June 15, 2015, I used the Court's electronic case filing system to file this Motion for Temporary Order to Protect the Court's Jurisdiction and to serve this document on counsel for appellees as follows:

William R. Crocker
crockerlaw@earthlink.net
807 Brazos, Ste. 1014
Austin, Texas 78701

*Counsel for Appellees Ricardo M. Weitz; Hi Tech Imports North, LLC; Hi Tech Imports, South, LLC; and Hi Tech Imports, LLC*

Kimberly Fuchs
kimberly.fuchs@texasattorneygeneral.gov
Assistant Attorney General
Texas Attorney General's Office
P.O. Box 12548
Austin, Texas 78711-2548

*Counsel for Appellees Michael J. O'Malley and Penny A. Wilkov*

J. Bruce Bennett
jbb.chblaw@sbcglobal.net
Cardwell, Hart & Bennett, LLP
807 Brazos, Suite 1001
Austin, Texas 78701

*Counsel for Appellees Ricardo M. Weitz; Hi Tech Imports North, LLC; Hi Tech Imports, South, LLC; and Hi Tech Imports, LLC*

Dennis McKinney
dennis.mckinney@texasattorneygeneral.gov
Assistant Attorney General
Texas Attorney General's Office
P.O. Box 12548
Austin, Texas 78711-2548

*Counsel for Appellee John Walker III*

Joseph W. Letzer
jletzer@burr.com
Dent M. Morton
dmorton@burr.com
Burr & Forman, LLP
420 20th Street N., Suite 3400
Birmingham, AL 35203

*Counsel for Appellees Ricardo M.*
*Weitz; Hi Tech Imports North, LLC;*
*Hi Tech Imports, South, LLC; and*
*Hi Tech Imports, LLC*

/s/ S. Shawn Stephens
S. Shawn Stephens

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

**VOLKSWAGEN GROUP OF AMERICA, INC.
AND AUDI OF AMERICA, INC.**

Appellants

vs.

**JOHN WALKER III, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF
THE TEXAS DEPARTMENT OF MOTOR VEHICLES BOARD, AND THE
HONORABLE MICHAEL J. O'MALLEY AND THE HONORABLE
PENNY A. WILKOV, IN THEIR OFFICIAL CAPACITIES AS
ADMINISTRATIVE LAW JUDGES FOR THE STATE OFFICE OF
ADMINISTRATIVE HEARINGS**

Appellees

On Appeal from the 201st Judicial District Court, Travis County, Texas
Trial Court Cause No. D-1-GN-15-001186
Honorable Amy Clark Meachum, Presiding Judge

## <u>AFFIDAVIT OF PAUL W. RITSEMA</u>
_____

STATE OF VIRGINIA       §
                                    §
COUNTY OF FAIRFAX      §

1.     On this date, Paul W. Ritsema personally appeared before me, the undersigned Notary Public, and after being duly sworn stated the following under oath:

2.     My name is Paul W. Ritsema. I am currently over the age of twenty-one (21). I have never been convicted of a felony or a crime of moral turpitude. I

am under no legal disability and I am fully competent to make this Affidavit. I am Assistant General Counsel for Appellant Volkswagen Group of America, Inc. Audi of America, Inc. is an operating division of Volkswagen Group of America, Inc. (collectively, with Volkswagen Group of America, Inc., "Audi"). In my role as Assistant General Counsel, I have worked closely with outside counsel throughout the litigation of the underlying contested case styled *Budget Leasing, Inc. d/b/a Audi North Austin and Audi South Austin v. Weitz, et. al. v. Volkswagen Group of America, Inc., et. al.*, MVD Docket No. 13-0008-LIC, SOAH Docket No. 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.LIC pending before the Texas Department of Motor Vehicles, Motor Vehicle Division (the "Contested Case").

3. I have reviewed Audi's Motion for Temporary Order to Protect the Court's Jurisdiction. I have personal knowledge of the facts stated therein and in this Affidavit and they are true and correct.

4. The Contested Case was filed on May 14, 2013. After a hearing on the merits before Administrative Law Judges Michael J. O'Malley and Penny A. Wilkov (collectively the "ALJs") with the State Office of Administrative Hearings ("SOAH"), the evidentiary record was closed on May 28, 2014. The ALJs issued a Proposal for Decision ("PFD") in the Contested Case on July 16, 2014.

5. On September 12, 2014, the Texas Department of Motor Vehicles Board (the "Board") issued its Final Order in the Contested Case, finding that the

Contested Case should be dismissed because the prospective transferees failed to provide Audi with a written agreement to be bound by the terms of the dealer agreement, as required by Texas Occupations Code § 2301.359(c)(3).

6. On October 2, 2014, Protestant Budget Leasing, Inc. d/b/a Audi North Austin and Audi South Austin ("Protestant") and Intervenors Ricardo M. Weitz, Hi Tech Imports North, LLC, HI Tech Imports South, LLC, and Hi Tech Imports, LLC ("Intervenors") filed a Motion for Rehearing of the Board's Final Order. Audi responded on October 13, 2014, and Protestant and Intervenors filed a reply to Audi's response brief on October 15, 2014. The Reply brief attached a copy of an April 30, 2013 letter from Weitz to Sally Grimes of Audi ("April 30 Letter") that was never introduced at the hearing on the merits or attached to any other pleading filed with the Board.

7. On December 10, 2014, the Board granted the motion for rehearing and subsequently placed the Contested Case on its February 13, 2015 meeting agenda.

8. On February 13, 2015, Chairman of the Board, John Walker III, signed an Interim Order Remanding the Case to the State Office of Administrative Hearings for Further Proceedings (the "Remand Order") and directed SOAH to consider, among other things, whether Audi received the April 30 Letter, and, if so, its effect on the issue of compliance with Texas Occupations Code § 2301.359.

The Remand Order also instructed the ALJs to "address this matter as expeditiously as possible [and] . . . accelerate the adjudication of this matter."

9. On February 18, 2015, the ALJs issued an order setting a March 3, 2015 pre-hearing conference. On February 20, 2015, Audi filed a Motion to Send Case Back to the Texas Department of Motor Vehicles Board, arguing, among other things, that the Board lacked authority to remand the Contested Case and that the ALJs lacked authority to reopen the evidentiary record. Nevertheless, this motion was denied by the ALJs during the March 3, 2015 pre-hearing conference.

10. On April 16-17, 2015, the ALJs held a hearing on remand, considering, among other additional evidence, the April 30 Letter.

11. On May 8, 2015, Audi filed its Closing Argument and Post-Hearing Brief on Remand. On June 1, 2015, Protestant and Intervenor filed their Response to Audi's Closing Argument and Post-Hearing Brief on Remand. On June 10, 2015, Audi filed its Reply. Protestant's and Intervenors' replies are due no later than June 26, 2015 and the record will close on that date.

12. It is my understanding that pursuant to Texas Government Code § 2001.143, the ALJs have only sixty (60) days after the hearing is closed to issue their proposal for decision on remand. Therefore, the ALJs must issue their proposal for decision on or before August 25, 2015. Importantly, the ALJs may

issue their proposal for decision any day during this time frame and have been requested to "accelerate the adjudication of this matter."

13. After the proposal for decision is issued and the parties file their respective exceptions to the proposal for decision and any necessary replies, the proposal for decision will be submitted to the Board. Board Chairman Walker stated at the February 13, 2015 Board meeting that "as soon as we get this back, if it comes back to us, if it's not resolved through the SOAH hearing, that we will expedite and move the process along as quickly as possible. You have my word on that." Given the ALJs may issue a proposal for decision at any time before August 25, 2015, it is possible that the Board could issue a final order on the proposal for decision on remand before September 2015 or at any time shortly thereafter.

Signed this _12_ day of June, 2015.

_____
PAUL W. RITSEMA

SUBSCRIBED and SWORN to before me on this _12th_ day of June, 2015, to certify which witness my hand and official seal.



_____
Notary Public in and for the
Commonwealth of Virginia