**Order entered November 5, 2018**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00970-CV

### IN RE SUSAN HARRIMAN, Relator

**Original Proceeding from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-11994**

## ORDER
Before Justices Bridges, Brown, and Boatright

Before the Court is relator's motion to seal Volume 3 of the mandamus record. In this original proceeding, relator complains of orders denying relator's request to snap back an e-mail that relator contends is subject to the attorney-client privilege and complains of the trial court's finding that the e-mail at issue is subject to the crime-fraud exception. The e-mail is included and/or referenced in the documents contained in Volume 3 of the mandamus record. Relator asks this Court to enter a sealing order in order to protect relator's claim of privilege.

The trial court has not entered a Rule 76a sealing order in the underlying proceeding for the records in Volume 3 of the mandamus record. No rules directly provide for an appellate court to seal documents of this type absent a party meeting the requirements of Rule 76a. *See* TEX. R. CIV. P. 76a. Rule of Appellate Procedure 29.3, however, authorizes an appellate court, in relation to an interlocutory appeal, to "make any temporary orders necessary to preserve the

parties' rights until disposition of the appeal." TEX. R. APP. P. 29.3; *see also* TEX. GOV'T. CODE. ANN. § 21.001(a) ("A court has all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue the writs and orders necessary or proper in aid of its jurisdiction."). Similarly, rule 52.10 authorizes the appellate court to "grant any just relief pending the court's action on the petition" in an original proceeding. TEX. R. APP. P. 52.10. Under this authority, we grant relator's request.

The central issue in this proceeding is whether an e-mail that is purportedly privileged and was inadvertently and unintentionally disclosed should remain part of the trial court's file or should be removed and returned to relator. If relator prevails, the fact that the e-mail has effectively remained open to public inspection during the pendency of this original proceeding would significantly undermine the effectiveness of any relief to which relator may show herself entitled. *See Monsanto Co. v. Davis*, 110 S.W.3d 28, 29–30 (Tex. App.—Waco 2002, order) (granting motion to seal documents during pendency of appeal where the issue on appeal was whether the documents were privileged, inadvertently disclosed, and required to be snapped back due to privilege);

Accordingly, we **GRANT** relator's motion and **ORDER** the Clerk of this Court to seal the original and all copies of Volume 3 of the mandamus record. These documents shall remain under seal until further order of this Court.

/s/     ADA BROWN
        JUSTICE