**Order entered January 22, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00046-CV

## IN RE MARK SCHWARZ, NEWCASTLE CAPITAL MANAGEMENT, L.P., NEWCASTLE CAPITAL GROUP L.L.C., AND GEOWORKS CORPORATION, Relators

**Original Proceeding from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-08-00144-M**

## ORDER
Before Justices Brown, Schenck, and Reichek

Before the Court are relators' petition for writ of mandamus, relators' motion to seal portion of mandamus record, relators' motion to stay trial, the real party in interest's response to the motion to stay trial, and relators' reply in support of the motion to stay trial.

We **GRANT** the motion to stay in part and **STAY** the trial court's September 25, 2018 order. This stay shall remain in effect until further order of the Court.

We request that the real party in interest and respondent file their responses, if any, to the petition for writ of mandamus **by 5:00 p.m., January 24, 2019.**

The trial court has not entered a Rule 76a sealing order in the underlying proceeding for the records in Volume 2 of the mandamus record. No rules directly provide for an appellate court to seal documents of this type absent a party meeting the requirements of Rule 76a. *See*

TEX. R. CIV. P. 76a. Rule of Appellate Procedure 29.3, however, authorizes an appellate court, in relation to an interlocutory appeal, to "make any temporary orders necessary to preserve the parties' rights until disposition of the appeal." TEX. R. APP. P. 29.3; *see also* TEX. GOV'T. CODE. ANN. § 21.001(a) ("A court has all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue the writs and orders necessary or proper in aid of its jurisdiction."). Similarly, rule 52.10 authorizes the appellate court to "grant any just relief pending the court's action on the petition" in an original proceeding. TEX. R. APP. P. 52.10. Under this authority, we grant relators' request to seal Volume 2 of the mandamus record.

The central issue in this proceeding is whether the trial court abused its discretion by lifting a protective order as to three recordings that relators maintain include privileged information and trade secrets. Transcripts of those recordings have been submitted to this Court in camera and are part of Volume 2 of the mandamus record, as are other trial court filings related to and/or addressing the recordings. If relators prevail, the fact that the transcripts of the recordings effectively remained open to public inspection during the pendency of this original proceeding would significantly undermine the effectiveness of any relief to which relators may show themselves entitled. *See Monsanto Co. v. Davis*, 110 S.W.3d 28, 29–30 (Tex. App.—Waco 2002, order) (granting motion to seal documents during pendency of appeal where the issue on appeal was whether the documents were privileged, inadvertently disclosed, and required to be snapped back due to privilege);

Accordingly, we **GRANT** relators' motion to seal and **ORDER** the Clerk of this Court to seal the original and all copies of Volume 2 of the mandamus record. These documents shall remain under seal until further order of this Court.

/s/     ADA BROWN
JUSTICE